■ In the Matter of ROCKVILLE CENTRE TEACHERS ASSOCIATION, Appellant, v BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT 21, ROCKVILLE CENTRE, Respondent.—In a proceeding to confirm an arbitration award, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated March 19, 1974, which (1) denied its motion to confirm the award, (2) granted respondent's cross motion to vacate or modify the award and (3) modified the recommendations set forth in the opinion of the arbitrator in certain respects. Judgment reversed, on the law, with $20 costs and disbursements, award confirmed, and cross motion denied. The issue is whether the award of the arbitrator was in excess of his powers under the terms of the agreement. In order to reduce its budget, the respondent board voted, in March, 1972, to eliminate seven positions covered by a collective bargaining agreement between the parties. Two speech and hearing positions, one tenured, were among those eliminated. A few months later respondent entered into a contract with a private agency to provide speech and hearing therapy. Thereafter petitioner initiated a grievance pursuant to Addendum F of the collective bargaining agreement, Item 8 of which includes arbitration. It alleged violation of the agreement respecting the two speech and hearing positions and "the subcontracting" of their professional duties.

Ultimately the matter went to arbitration. So far as the record discloses, no motion was made to vacate the demand for arbitration or to limit the issues proposed to be arbitrated. The arbitrator determined that the grievance required either interpretation or construction of the agreement or both, so as to give him jurisdiction; that the grievance was timely brought; and that the termination of the tenured teacher was in violation of the agreement in that "the bulk of the work of her position was not eliminated, but contracted out in violation of the Agreement". We find no basis upon which to conclude that the arbitrator exceeded his powers. Under the agreement the arbitrator was without power to make any decision "Contrary to, inconsistent with, modifying or varying in any way, the terms of the Agreement or of applicable law or rules". To determine that, if a bargaining unit position is abolished but similar work continues to be performed, there is a violation of the agreement, is well within the terms of the agreement and is within the power of the arbitrator (cf. *Matter of Baron v Mackreth,* 30 AD2d 810, affd 26 NY2d 1039). The award is not violative of any statute. It does not contravene the right of the board to abolish positions—so long as the functions of the positions are not continued (see Education Law, § 1709). The arbitrator was without power under the agreement to make any decision "Involving Board discretion or policy under the provisions of the Agreement [unless the] interpretation or construction of policy was so arbitrary or capricious as to constitute an abuse of discretion". Since the speech and hearing work was covered by the collective bargaining agreement, the arbitrator did not invade the board's discretion in finding that its acts, taken in good faith, produced a grievable consequence. Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.