■ In the Matter of the Board of Education of the Levittown Union Free School District, Respondent, v Levittown United Teachers, Appellant.—In proceedings to stay arbitration, this consolidated appeal is from six orders of the Supreme Court, Nassau County, each entered May 21, 1976, and each of which permanently stayed arbitration. Orders reversed, on the law, without costs or disbursements; the applications to stay arbitration are denied, and the cross motions to compel arbitration are granted. The petitioner board of education was granted permanent stays of arbitration of six grievances. The grievances alleged violations of a collective bargaining agreement between the parties resulting from a resolution of the board that (1) abolished 10% of the staff for the school year 1976-1977; (2) instituted furloughs of staff for five days for the school year 1975-1976 and 10 days for the school year 1976-1977; and (3) placed a moratorium on sabbaticals for the school year 1976-1977. The agreement, to run for three years (1975-1978), contains a job security provision (article XXII); a provision for sabbatical leaves (article XIX); and salary, workday and work-load provisions (articles VIII, XII, XIII), as well as class-size provisions (article XIV, read in conjunction with appendix C). There is also a grievance and arbitration procedure (article XXVIII). The position of the board is that it faced a school deficit prohibited by section 1704 of the Education Law, and that the unilateral measures by which it resolved to reduce the deficit for this school year, and its adoption of the budget for the forthcoming school year, were not subject to arbitration under the agreement and were matters entirely within its power as a public employer. The board was free to bargain respecting all of the above-mentioned provisions (see *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614; *Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743); it may not now, despite the financial exigencies, abrogate its agreement. "In this context, of course, the financial condition of the [school district] and its ability to fund the teaching positions are relevant and may be considered" by the arbitrators (see *Matter of Board of Educ. v Yonkers*

*Federation of Teachers,* 39 NY2d 744). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.