■ In the Matter of PORT WASHINGTON UNION FREE SCHOOL DISTRICT, Respondent, v PORT WASHINGTON TEACHERS ASSOCIATION, Appellant.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County, entered October 16, 1975, which granted the application. Order reversed, on the law, with $50 costs and disbursements, proceeding dismissed on the merits, and the parties are directed to proceed to arbitration forthwith. No fact questions were presented for review. The collective bargaining agreement between the parties provides that a joint

committee of teachers and administrators shall make advisory recommendations with respect to changes in the curriculum. The grievance and notice of arbitration served by the appellant, *inter alia,* charge that the petitioner school district violated that provision and contain a request that the petitioner direct its administrators to participate in the deliberations and voting procedures of the joint committee. There is no statute or controlling decisional law or other source of public policy which would prohibit the arbitration of this dispute (see *Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268). The fact that the grievance and notice also charge that the petitioner violated the subject provision by implementing a certain educational program without the "approval" of the joint committee does not warrant a stay of arbitration; the agreement (Appendix C, art III, step 3) gives the arbitrator the power to interpret what the parties intended. Further, a stay of arbitration is not justified by the possibility that the additional request, that the petitioner "cease and desist from the implementation of programs that have not been approved in accordance with procedures set forth in" the agreement, may lead the arbitrator to make an award which might be subject to vacatur in a proceeding pursuant to CPLR 7511 on the ground that he exceeded his power. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.