■ PORT WASHINGTON UNION FREE SCHOOL DISTRICT, Respondent, v PORT WASHINGTON TEACHERS ASSOCIATION, Appellant. (And Two Identical Proceedings.)—In three proceedings to stay arbitration, the appeals are from three orders (one in each proceeding) of the Supreme Court, Nassau County, two entered on May 20, 1976 and one entered on July 1, 1976, each of which, *inter alia,* granted an application to stay arbitration. Orders affirmed, with one bill of $50 costs and disbursements to cover all appeals. The arbitration clause contained in the subject collective bargaining agreement is fairly broad and the grievance relates to specific provisions of the contract which the arbitrator is empowered to interpret (cf. *Board of Educ. v Lakeland Federation of Teachers,* 42 NY2d 853). However, in our view, the performance which is the subject of the demand for arbitration is prohibited by statute and public policy. The grievances charge that the petitioner violated the agreement by unilaterally reducing or eliminating certain extracurricular programs and increasing or creating new activity programs in their stead; and the relief sought is, essentially, annulment of its action. The collective bargaining agreement provides for various joint committees, comprised of teacher and administration representatives, one of which, the extra assignments committee, was to make recommendations to the superintendent with regard to extracurricular activities. It further appears that, for various reasons, no committee recommendations were officially made in this matter and that the petitioner thus acted "unilaterally" in making the various changes. Assuming, for the sake of argument, that the petitioner

---

might have bargained away its ultimate duty to determine what extracurricular activities should be offered the district's students, either by giving the joint committee a right of prior approval (veto power) or by binding itself to maintain the *status quo* until the committee formulated its own recommendation, we hold that the bargain is unenforceable as against public policy. Under section 1709 of the Education Law, boards of education are given the duty of superintendence, management and control of the educational affairs of school districts and all powers reasonably necessary to exercise the powers and discharge the duties imposed upon them by statute, expressly or by implication. Although boards are not specifically mandated to prescribe what extracurricular activities shall be offered, they are given the duty of employing such persons as may be necessary to supervise and conduct such activities (Education Law, § 1709, subd 16). Before a board may employ such personnel, it must determine what activities will be offered. This latter determination is a matter of educational policy and any contractual limitation thereon is, in our opinion, unenforceable. We do not, of course, mean to preclude the teachers or the joint committee from any consultative or advisory role, but the record makes clear that such is not the issue here. Finally, we note that our prior determination in *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.* (54 AD2d 984) is distinguishable, as the grievance there involved contained an additional complaint as to the internal functioning or another joint committee, which issue was not barred from arbitration by either the agreement itself or by any statute or public policy. Hopkins, J. P., Shapiro and Suozzi, JJ., concur; Mollen, J., dissents and votes to reverse the orders appealed from and to direct the parties to proceed to arbitration forthwith, with the following memorandum: As noted by the majority, the arbitration clause contained in the subject collective bargaining agreement is broad and the grievance relates to specific provisions of the contract which the arbitrator is empowered to interpret (cf. *Board of Educ. v Lakeland Federation of Teachers,* 42 NY2d 853). The fact that appellant's demand for relief in each case might, if adopted by the arbitrator, lead to an award arguably subject to vacatur pursuant to CPLR 7511 on the ground that he exceeded his power or the award contravened public policy, does not warrant a stay of arbitration (see *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 54 AD2d 984).