■ PORT WASHINGTON UNION FREE SCHOOL DISTRICT, Respondent, v PORT WASHINGTON TEACHERS ASSOCIATION, Appellant. (And an Identical Title.)—In two proceedings pursuant to CPLR article 75 to stay arbitration, the Port Washington Teachers Association appeals from two judgments of the Supreme Court, Nassau County, one in each proceeding, entered November 19, 1976 and November 24, 1976, respectively, which, *inter alia,* granted the applications. Judgments affirmed, with costs. The subject dispute between the parties concerns the school district's abolition of several driver education and nurse-teacher positions, and its reorganization of those programs. In the former case, the district contracted with a commercial driving school to provide "on-the-road" instruction and created the new position of "driver education classroom instructor" to provide the classroom and simulator instruction for all students (the latter position was filled by an incumbent of the abolished positions on the basis of seniority). In the latter

case, the district created several full-time and part-time "nurse-aid" positions, which positions had no teaching responsibilities. Also involved in the dispute is the district's reorganization of its home instruction program, which was formerly carried out by the regular teaching staff, on a voluntary basis, after the completion of the normal teaching day, and is now being carried out, under contract, by a tutoring service employing certified teachers, during regular school hours. All three reorganizations have been challenged by the teachers association as violative of the parties' collective bargaining agreement and arbitration has been demanded. In *Board of Educ. v Lakeland Federation of Teachers* (42 NY2d 853), there was no provision in the collective bargaining agreement dealing with the subject matter of the dispute, except for one provision setting forth the compensation for home instruction if and when assigned. As was also the situation in the *Lakeland* case, the instant collective bargaining agreement limits the arbitrator's power "only to interpret what the parties * * * intended by the specific clause in the Agreement which is at issue" and prohibits him from adding to, subtracting from or modifying the provisions of the agreement or interfering with or limiting the operation of any applicable law or regulation. Hence, it appears that there exists no valid agreement to arbitrate the subject disputes, and arbitration was properly stayed (cf. *Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 59 AD2d 530, where the subject matter of the dispute was covered by the agreement). Grievances relating to job security, subcontracting, staff or class size may, of course, be arbitrable under a broad arbitration clause (see, e.g., *Matter of Board of Educ. v Yonkers Federation of Teachers*, 40 NY2d 268 [job security]; *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.]*, 37 NY2d 614 [staff and class size]; *Matter of Board of Educ. v Levittown United Teachers*, 53 AD2d 902 [job security, workday, work load and class size]); but, in all of the cited cases, the agreement contained an express provision covering the subject matter, as well as an arbitration clause. Finally, the association's reliance upon *Matter of Rockville Centre Teachers Assn. v Board of Educ.* (48 AD2d 698) is misplaced. There, the board of education had never moved to stay arbitration and, after rendition of the award, conceded that the arbitrator could have found the contracting out to be in violation of the agreement (see, also, *South Huntington Teachers Assn. v Board of Educ.*, 51 AD2d 983). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.