■ WALTER W. WOLPERT, Respondent, v FIRST NATIONAL BANK OF EAST ISLIP et al., Appellants.—In an action, *inter alia,* to recover damages for abuse of process, defendants appeal from so much of an order of the Supreme Court, Nassau County, entered in Suffolk County on May 19, 1977, as denied that portion of their motion which sought summary judgment as to the first and second causes of action alleged in the complaint. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, the said portion of the motion is granted and the complaint dismissed. The causes of action for prima facie tort and abuse of process relate to the alleged (1) wrongful discharge of plaintiff, who was both a director and an employee at will, and (2) malicious assertion of a third-party complaint in connection with a stockholder's derivative action brought against the other directors. Since the action was instituted more than three years after plaintiff's discharge, the first cause of action (properly denominated by Special Term as one for prima facie tort), insofar as it related to plaintiff's discharge, is time-barred by virtue of the provisions of CPLR 214; we therefore need not consider whether it would also have been barred by the governing one-year period of CPLR 215 (subd 3). (See *Morrison v National Broadcasting Co.,* 19 NY2d 453; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 214:5, pp 429-430.) The remaining allegations of the first cause of action are subsumed in the second cause of action. Under the circumstances, the sole remaining gravamen, the assertion of a third-party complaint against plaintiff, allegedly for malicious purposes, is not a proper basis for either prima facie tort or abuse of process, since there was no "improper use of process after it is issued" (see *Dean v Kochendorfer,* 237 NY 384, 390; see, also, *Williams v Williams,* 23 NY2d 592, 596), or any element of "compelling the performance or forebearance *[sic]* of some prescribed act" (see *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403; see, also, *Osinoff v Muchnick,* 53 AD2d 858). Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.

■ In the Matter of BOARD OF EDUCATION, WEST BABYLON UNION FREE SCHOOL DISTRICT, Respondent, v WEST BABYLON TEACHERS ASSOCIATION, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County, dated September 30, 1976, which granted the application. Order affirmed, with $50 costs and disbursements. We agree that the board of education's refusal to fill the vacant position of director of attendance is not arbitrable under the parties' collective bargaining agreement. There is no provision in the collective bargaining agreement dealing with the subject matter of this dispute, which is only a permissible, as opposed to a mandatory, subject of bargaining, except for one clause which sets forth the compensation of department directors if and when appointed; there is no express and unequivocal agreement to arbitrate disputes which are unrelated to the "meaning or applications of [the parties'] Agreement" (see *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. v United Liverpool Faculty Assn.,* 42 NY2d 509; *Board of Educ. v Lakeland Federation of Teachers,* 42 NY2d 853; *Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 59 AD2d 619). Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.