■ In the Matter of VENTURE SERVICES CORP., Respondent, v GUS BEVONA, as President of Local 32B-32J Service Employees International Union, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Clifford Scott, J.), entered on December 1, 1989, which granted petitioner's application pursuant to CPLR 7503 (b) to stay arbitration until certain conditions precedent were fulfilled, unanimously affirmed, with costs.

On or about June 7, 1989, petitioner, a New York corporation engaged in the business of providing cleaning services to owners of buildings, was served with a demand for arbitration by the respondent, a labor organization representing building service employees throughout the New York metropolitan area, seeking to arbitrate, pursuant to a collective bargaining agreement between the parties, the alleged wrongful dis-

charge by the petitioner of a member of the respondent union who was employed as a porter in petitioner's building located at 545 Fifth Avenue, New York City.

Contrary to respondent's assertions, the IAS court did not exceed its authority, when confronted by petitioner's application seeking to stay arbitration, in determining the threshold questions of whether the parties, had, in fact, made a valid agreement to arbitrate, whether the particular claim sought to be arbitrated was within the scope of the arbitration provisions, and as to whether any conditions precedent to arbitration contained in the parties' collective bargaining agreement had been complied with. *(Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 6-7.)* Articles VII and VIII of the collective bargaining agreement establish a procedure for internal resolution of disputes as conditions precedent to arbitration. Respondent, in failing to attempt to settle the grievance internally as provided for in the agreement before demanding arbitration, failed to fulfill a condition precedent to arbitration. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.