■ In the Matter of TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent, v LOCAL 1931, DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, Appellant.—Judgment of Supreme Court, New York County (Edward H. Lehner, J.), entered May 30, 1991, which granted petitioner's CPLR article 75 petition to stay arbitration of respondent's claim that petitioner had violated certain provisions of the parties' collective bargaining agreement as modified by letters of June 15, 1989 and October 12, 1989, unanimously affirmed, without costs.

The initial determination to be made by the IAS court is whether the matter sought to be arbitrated falls within the terms of the parties' collective bargaining agreement. *(Sisters of St. John the Baptist v Geraghty Constructor,* 67 NY2d 997, 998; *Board of Educ. v Barni,* 49 NY2d 311, 314-315; *Matter of Venture Servs. Corp. v Bevona,* 169 AD2d 676, *lv denied* 78 NY2d 857.)

In this case, while modifications as to "rules, orders and conditions" automatically become part of the collective bargaining agreement pursuant to Articles XI and XX, the instant matter sought to be arbitrated does not fall within such categories. In addition, paragraph 16 of the May 2, 1989 Amendment to the parties' collective bargaining agreement specifically contemplates that the "Quality of Work Life Program", which later was termed a "Workplace Improvement Program", was to be developed by the Labor-Management Committee, and, pursuant to Article XIX, Section 2 of the collective bargaining agreement, which was continued in full force and effect, the Labor-Management Committee does not consider matters subject to the grievance procedure. Accordingly, to the extent that the consultant was to work in conjunction with this proposed project, a finding of arbitrability would be contrary to the express terms of the parties' agreement. Nor can respondent point to anything more than an agreement to agree with respect to the concept of sharing the gains contemplated from petitioner's decentralization plan. Absent a clear agreement to arbitrate such matters, a stay was proper (see, County of Rockland v Rockland County Unit of Rockland Community Coll. Fedn. of Teachers, 125 AD2d 531; Matter of Stigwood Org. [Atlantic Recording Corp.], 83 AD2d 123, 126; Matter of Board of Educ. v West Babylon Teachers Assn., 60 AD2d 577). Concur—Sullivan, J. P., Carro, Wallach, Kassal and Rubin, JJ.