Argued September 20, affirmed October 24, 1956

# GAMBLE ᴇᴛ ᴜx *v.* SUKUT
302 P. 2d 553

*K. C. Tanner*, Portland, argued the cause for appellant. On the brief were Tanner & Carney, Portland.

*James Arthur Powers*, Portland, argued the cause for respondents. With him on the brief was Earle P. Skow, Portland.

AFFIRMED.

PERRY, J.

The defendant, a building contractor, entered into a written contract with the plaintiffs to construct for them a residence in Portland, Oregon. Article 19 of the contract provided as follows:

"Any disagreement arising out of this contract or from the breach thereof, shall be submitted to

arbitration and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other.

"The parties may agree upon one arbitrator; otherwise there shall be three, one named in writing by each party of this contract within five days after notice of arbitration is served by either party upon the other, and a third arbitrator selected by these two arbitrators within five days thereafter. No one shall serve as an arbitrator who is in any way financially interested in this contract or in the affairs of either party thereto.

"At the written request of either party, at any time prior to the complete appointment of arbitrators, as provided above, or in the event of any default or lapse in the proceeding, the arbitration shall be held under the Standard Form of Arbitration Procedure of The American Institute of Architects or of the Rules of the American Arbitration Association."

On October 22, 1951, the plaintiffs directed the following letter to the defendant:

"Dear Mr. Sukut,

"Reference is hereby made to the contract between us for the construction of a residence building at 4125 S. W. Bertha Avenue, Portland, Oregon, dated September 21, 1950. The construction was to have been done in accordance with plans and specifications prepared by Halsey Jones, Designer.

"The following work is yet to be done to complete the contract.

"1.    Stops installed on bathroom windows.

"2.    Chimney opening in roof made weathertight.

"3.  Siding on east side of house to be brought to stair line.

"4.  Basement walls made watertight.

"5.  Screens installed in gutter downspouts.

"6.  Leak stopped in east gutter.

"7.  The plaster on the bedroom walls is pitting and flaking. As the specifications call for a guarantee against this condition we require this area to be refinished. If the plaster were to be removed and replaced, it would be necessary for us to move out of the house while this work was being done, and the floors would require refinishing at the concusion [sic] of the work. In order to avoid this expense, we will accept canvas covering and repainting.

"8.  The plaster on the lavatory, stair hall and stairway walls is pitting and flaking. We require these areas to be refinished in accordance with the specifications, and repainted. We remind you at this time that these areas have been painted twice at our expense.

"9.  The plaster on the stairway ceiling is so rough that a true surface has not been obtained in spite of the fact that it has been painted twice. We require that this ceiling be refinished to a true surface and repainted.

"10. The City of Portland through the office of the City Engineer has notified us by letter that the driveway entrance from the street line to the sidewalk is not in conformity with city requirements. We require that this area be torn up and replaced to conform to these requirements.

"In order that we may know our position, and what further action to take regarding the above, if such is required, we ask that you reply to this letter before October 30, 1951."

On October 27, 1951, the defendant acknowledged receipt of the letter, and suggested that the matter be submitted to arbitration in accordance with Article 19 of the contract. On November 2, 1951, the plaintiffs advised the defendant that they were agreeable to arbitration, and that they had selected Mr. George M. Post of Portland as their arbitrator. On December 3, 1951, the plaintiffs, through their attorney, notified the defendant that unless arbitration was commenced at once they would within ten days from the date defendant received the letter petition the circuit court of Multnomah county for an order for specific performance of the arbitration agreement. Thereafter, the plaintiffs commenced this suit under ORS 33.230 to compel specific performance of the arbitration agreement provided in Article 19 of the contract. The parties waived trial by jury, and the trial judge, being satisfied "that the making of the contract or submission or the failure to comply therewith is not an issue," entered an "order directing the parties to proceed to arbitration in accordance with the terms of the contract," the court's order reading in part as follows:

> "That said three arbitrators shall proceed to investigate the disputes as set forth under the ten items in the files and records herein and resolve said disputed items and the entire controversy by action of two out of three arbitrators."

The "ten items" referred to in the order of arbitration are the same as those set out in the plaintiffs' letter dated October 22, 1951, hereinbefore set forth. On October 14, 1953, an arbitration report was made to the trial court as follows:

> "We, the undersigned, of the duly authorized Arbitrators designated, and to whom were sub-

mitted matters in controversy between the parties in the above entitled matter, having been duly sworn, according to law, and having duly heard the proof and allegations, and considered the same, award as follows, in favor of plaintiffs as itemized:

| ITEM NO. | | Material | Labor |
|---|---|---|---|
| 1 | Install stops on bath- room windows | $ 3.00 | $ 7.65 |
| 2 | Chimney opening in roof made weathertight | 11.70 | 10.00 |
| 3 | Siding on East Side, etc. | 23.00 | 40.80 |
| 4 | Basement walls made watertight | 25.00 | 50.00 |
| 5 | Screens in gutter | 10.00 | 5.00 |
| 6 | Repair leak in east gut- ter | 5.00 | 25.00 |
| 7-8-9 | Repair plaster and re- decorate | 600.00 | |
| 10 | Complete concrete driveway, etc. | 25.00 | 75.00 |
| | | $ 702.70 | $ 213.45 |
| | Total Labor and material | $ 916.15 | |
| | Contingent—10% | 91.61 | |
| | | $1,007.76 | |
| | Contractor's Profit— 10% | 100.77 | |
| | | $1,108.53 | |
| | Arbitrator's Fees: | | |
| | George M. Post | 100.00 | |
| | Perrie L. Dolph | 100.00 | $1,308.53 |

Dated this 30th day of September, 1953.''

The defendant filed exceptions to the arbitrators' report for the following reasons:

"1. That the arbitrators exceeded their powers by awarding in favor of the plaintiffs sums of money for the work which allegedly was improperly done, for the reason that said arbitrators were only empowered to determine whether or not said work was or was not properly completed in accordance with the terms of the construction contract, and said arbitrators were not empowered to fix the amount of damages sustained by the plaintiffs in the event they should find that said work was not properly completed.

"2. That the arbitrators exceeded their powers by fixing their own fees and entering their said fees as a part of said report and award.

"3. That the arbitrators have awarded upon matters not submitted to them, in that said arbitrators have fixed the price of labor and materials for the completion of the work which allegedly was not completed by the plaintiff [sic] under the construction contract.

"4. That said award cannot be entered herein nor judgment thereon entered herein for the reason that upon the issuance by this court of the order for arbitration the plaintiffs filed their cost bill and thus concluded this action."

Thereafter the trial court overruled defendant's exceptions to the report of the arbitrators, the report as filed was approved and allowed, and judgment was duly entered thereon. The defendant has appealed from the entry of this judgment.

The defendant's first assignment of error is that the trial court was in error in dismissing the defendant's exception to the award, because the arbitrators exceeded their powers and awarded upon matters that were not submitted to them.

The basis of the defendant's objection is that the sole question submitted to the arbitrators was whether

or not there had been a performance of the disputed items, and that no authority had been granted to them to allow damages or compensation for nonperformance of the construction contract.

In his argument the defendant points out that Article 9 of the contract provides that "the Contractor shall re-execute any work that fails to conform to the requirements of the contract and that appears during the progress of the work, and shall remedy any defects due to faulty materials or workmanship which appear within a period of one year from the date of completion of the contract. The provisions of this article apply to work done by subcontractors as well as to work done by direct employes of the Contractor." Article 12 of the contract states that:

> "* * * The making and acceptance of the final payment shall constitute a waiver of all claims by the Owner, other than those arising from unsettled liens or from faulty work appearing thereafter, as provided for in Article 9, * * *."

From these provisions, the defendant argues that "after payment the owner has no claim for damages, but only the right to have faulty work corrected by the contractor. In other words, the contract reserved to the contractor the right to retain the fruits of his own labor, rather than being charged the cost of the correction of the work by another." And defendant draws the conclusion that "In the light of these provisions of the contract it is clear that the respondents in their Petition for Arbitration sought only an order of the Court to direct the appellant to arbitrate the question of whether or not the work had been performed in a faulty manner. When this would be determined by the arbitrators the appellant would then, pursuant to Article 9 of the contract, be required to re-execute any

work found to have failed to conform to the requirement of the contract.''

There is no question but that the award as made must be upon matters included within the agreement for submission. 3 Am Jur 945, Arbitration and Award § 123. It is equally clear that Article 19 of the arbitration agreement is an agreement to submit all differences arising out of the contract, and is broad enough to include damages for breaches of the contract. "'* * * Parties to a contract may agree, if they will, that any and all controversies growing out of it in any way shall be submitted to arbitration. If they do, the courts of New York will give effect to their intention. A submission so phrased, or in form substantially equivalent, does not limit the authority of the arbitrators to an adjudication of the breach. It is authority to assess the damages against the party in default (*Matter of Gen. Footwear Co. v. Lawrence Leather Co.*, 252 N.Y. 577).'' *Marchant v. Mead-Morrison Mfg. Co.*, 252 NY 284, 298, 169 NE 386, 391. See, also, 3 Am Jur 871, Arbitration and Award § 43.

Also, the contract provision for re-doing faulty work is a provision for the benefit of the contractor and, of course, is subject to waiver by him. We do not have a record of what may have occurred at the hearings held by the arbitrators when defendant may have refused to go upon the property and do any further work required under the contract.

No contention is made that the arbitrators were guilty of misbehavior by which the rights of the defendant were prejudiced, and we must, therefore, conclude that all matters which were properly before them were fully considered and adjudicated.

■ The defendant claims error in that the arbitrators arbitrarily fixed their own fees as set out in their

report. The record shows, however, that at most the trial court considered the statement in the report as a statement of what they believed was a reasonable amount to be paid for their services. The amount to be paid was determined by the court, for the court in its decree states that "the court pursuant to Sec. 11-607 O.C.L.R. [sic]" sets $200 "as a reasonable fee to be paid the arbitrators * * *, each of whom is to receive $100.00."

■ The defendant also assigns as error the entering of a money judgment because the relief granted is beyond the issues in the pleadings. This contention is without merit. The pleadings in this case serve only the purpose of bringing to the attention of the court the question of whether or not the parties are in dispute upon a matter which they agreed in writing should be submitted to arbitration, thus determining the right of a party to specific performance of the dispute by arbitration. ORS 33.230.

The question of the relief to be granted is determined by what the parties agreed might be done as provided in the arbitration agreement.

■ The defendant's third assignment of error is his contention that he was denied "the right of adequate notice and the opportunity to be heard upon matters brought against him," and thus he was denied his constitutional rights to due process under the Fourteenth Amendment to the Constitution of the United States.

Since the record discloses that the defendant appeared and was heard upon all matters and proceedings in the trial court, we can only assume he is referring to the proceedings before the arbitrators. The arbitration and award statutes of this state do not attempt to set out the procedure to be followed before the abritra-

tors. In this proceeding, the parties agreed under Article 19 that ''the arbitration shall be held under the Standard Form of Arbitration Procedure of The American Institute of Architects or of the Rules of the American Arbitration Association.''

There is nothing in the record to indicate that the arbitrators did not proceed in accordance with the agreement of the parties, and we must conclude, in the absence of an exception to the award based upon ORS 33.230, that adequate notice and opportunity to be heard was granted the defendant.

The judgment entered upon the decree of the trial court is affirmed.