Argued December 2, 1965, affirmed February 9, 1966

# MAHAFFY *v.* GRAY
## 410 P. 2d 822

*William C. Grant,* Portland, argued the cause and filed briefs for appellant.

*Clyde R. Richardson,* Portland, argued the cause for respondent. With him on the brief were Wheelock, Richardson, Niehaus & Baines, Portland.

Before McAllister, Chief Justice, and Perry, Goodwin, Denecke and Schwab, Justices.

PER CURIAM.

Plaintiff contracted to build a residence for the defendant. At completion there was a dispute whether plaintiff had completely and correctly performed his contract. The construction contract provided for the arbitration of disputes and there was an arbitration proceeding. After some intermediate proceedings, the trial court entered a decree according to the arbitrator's award. The defendant appeals from that decree.

The controversy involves whether certain items were deleted from the contract in accordance with the contract procedure for changes in the work, whether certain work was performed at all, or performed in accordance with the contract specifications, and whether the owner should have a money award for some of the items or whether the contractor should be required to perform them under the one-year-guarantee provision of the contract.

The extent of judicial review of arbitration awards is fixed by statute.[1] In accordance with this statute, defendant contends the award should have seen set

[1] ORS 33.320: "Within the period specified in ORS 33.310, the party against whom an award was made may except in writing thereto for any of the following causes:

"(1) The award was procured by corruption, fraud or undue means.

"(2) There was evident partiality or corruption on the part of the arbitrators, or any of them.

aside because: (1) the arbitrator exceeded his powers "and so imperfectly executed them that a mutual and final and definite award upon the subject matter submitted was not made"; (2) "there was evident partiality on the part of the Arbitrator"; and (3) "the Arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy."

In *Harrell v. Dove Mfg. Co.,* 234 Or 321, 326, 381 P2d 710 (1963), the court commented:

"* * * One of the primary purposes for which parties agree to arbitrate their disputes is to avoid what they fear may be costly and time-consuming litigation. * * * It would be patently unfair to allow a party to an arbitration proceeding for which both parties have voluntarily contracted to turn the proceedings into a lawsuit in the event the arbitrator's decision is unfavorable to him. Through the provisions of ORS 33.320 our legislature has undertaken to guarantee that the proceedings will be conducted in a fair and honorable manner. It has not undertaken to authorize the courts to substitute their judgment for that of an arbitrator whose actions do not fall within the purview of that section. Were the courts to assume

"(3) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party were prejudiced.

"(4) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject-matter submitted was not made.

"(5) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award.

"(6) The arbitrators awarded upon a matter not submitted to them, unless it was a matter not affecting the merits of the decision upon the matters submitted.

"(7) The award was imperfect in matter of form not affecting the merits of the controversy."

this privilege they would defeat the very purposes for which disputes are submitted to arbitrators. * * *"

That decision quoted from *Jacob v. Pacific Export Lbr. Co.*, 136 Or 622, 644, 297 P 848 (1931): "It is not the province of the courts to substitute their judgment for that of an honest, impartial and competent arbitrator * * *. *Neither a mistake of fact or law vitiates an award*: * * *." (Emphasis added.)

■■ We find the evidence supports the trial court's findings that the arbitrator had acted properly in the respects charged. The arbitrator's rulings appeared to be based upon his interpretation of the provisions of the construction contract. It is immaterial that a court may differently interpret these provisions. The rulings were not such as to clearly show partiality or misconduct.

Affirmed.