Argued October 31, 1967, reversed January 17, 1968

BREWER, *Respondent, v.* ALLSTATE INSUR-
ANCE COMPANY, *Appellant.*

436 P. 2d 547

*Alex M. Byler,* Pendleton, argued the cause for appellant. With him on the brief were Corey Byler & Rew, Pendleton.

*John Smallmon,* Hermiston, and Roy Kilpatrick and Dan Wolke, John Day, submitted a brief for respondent.

Before PERRY, Chief Justice, and MCALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

O'CONNELL, J.

This is an appeal by defendant from a judgment for plaintiff which set aside the decision of an arbitrator in favor of defendant.

Plaintiff's decedent was killed in an automobile accident while riding as a guest passenger in an automobile driven by Harold Berry. Plaintiff filed a demand for arbitration with the American Arbitration Association under the uninsured motorist provision of defendant's insurance policy which had been issued to the decedent.[1] Defendant filed a general denial to

---

[1] The arbitration clause of the policy provides:

"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of The American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the arbitrator(s) pursuant to this section II."

the demand for arbitration together with an affirmative defense of contributory negligence. The arbitrator held that the driver, Harold Berry, was intoxicated and grossly negligent in the operation of the automobile and that the decedent was not contributorily negligent. The arbitrator also found that the estate of decedent was damaged in the amount of $4,500. However, the arbitrator held that plaintiff could not recover because he had the burden of proving that the driver was an "uninsured motorist" at the time of the accident and that he had failed to meet this burden.[2]

The trial court held that the arbitrator erred in imposing upon plaintiff the burden of proving that the other automobile was uninsured.[3]

---

[2] The arbitrator reasoned as follows:

"My conclusion in this respect is supported by the article entitled 'Uninsured Motorist Provision—Approach of Plaintiff's Attorney,' appearing in the Oregon State Bar Continuing Legal Education Series, September 22, 1962, concerning The Uninsured Motorist, at pages 43-45, where the authors state:

" 'Under the normal rules of insurance law, it would appear that the claimant has the burden of proof to establish that the other vehicle was uninsured. This follows from the rule which requires any person making a claim against an insurance company to plead and prove sufficient facts to bring himself within the risk and coverage of the policy. Since the uninsured motorist coverage applies only where one is injured by an uninsured motorist, the injured party would probably have to allege and prove that these facts existed, i.e., that he was injured by an uninsured motorist.'

"The authors go on to comment on how this may be accomplished. Since there was no proof as to whether or not the driver of the automobile involved in this case was uninsured, my decision must be and is in favor of the defendants. * * *"

[3] The trial court reasoned as follows:

"* * * To cast this burden upon a claimant to prove the negative assertions would raise an almost unsurmountable obstacle to any recovery. Without an inquiry being made of every insurance company authorized to do business, it would be next to impossible for the claimant to prove the negative fact which would have to be presented to the arbitrator. It should be noted that in the instant case the driver of the auto-

The scope of judicial review of arbitration awards is defined in ORS 33.320. Plaintiff's exception to the arbitration apparently rests upon ORS 33.320 (4), which provides that an exception may be taken on the ground that:

> "(4) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject-matter submitted was not made."

Plaintiff's exception was made on the ground that "the arbitrator exceeded his powers in that he determined that the claimant had the burden of proving that the driver of the automobile involved in the accident was uninsured." The trial court likewise concluded that the arbitrator had exceeded his authority in allocating the burden of proof to defendant. We cannot accept this interpretation of ORS 33.320 (4).

In deciding whether plaintiff or defendant had the burden of proof, the arbitrator was engaged in the process of deciding a question of law. ORS 33.280 (4) vests in arbitrators the power to "[d]ecide both the law and the facts involved in the cause submitted to them." The arbitrator acts within the bounds of his authority not only when he decides a question of law correctly according to judicial standards, but also when he applies the law in a manner which a court

---

mobile, who may have had knowledge of the insured or uninsured status of the automobile, was also killed in the accident. It would appear to the Court more logical for the party alleging the insured status of the vehicle to bear the burden of proving such an allegation. It is probable that one contending that a vehicle is insured would have some definite knowledge of a policy upon which he bases his assertion. For this reason the Court is of the opinion that the issue raising the uninsured status of the car should be treated as an affirmative defense to be specifically alleged and proved by the insurance company in its defense in the arbitration."

would regard as erroneous. As we said in *Mahaffy v. Gray*, 242 Or 522, 525, 410 P2d 822, 823 (1966), "Neither a mistake of fact or law vitiates an award."[4]

■■ The proper allocation of the burden of proof may be dictated by important considerations of fairness, convenience and policy. And an arbitrator, failing to take these considerations into account, may erroneously impose the burden of proof upon the wrong party. But errors of this kind are a part of the cost of employing the arbitration method of decision-making. The principal purpose of arbitration is to avoid litigation. If the arbitrator's award is subject to extensive judicial control, this purpose is largely frustrated.[5] Although there is some disagreement among the courts and legal scholars on the question of the extent to which arbitration awards should be subjected to judicial control, we favor the view that confines judicial review to the strictest possible limits.[6]

■ Applying this standard, the arbitrator's decision in the present case is not reviewable. Granting that it would be preferable to impose the burden of proof

---

[4] Quoting from Jacob v. Pacific Export Lbr. Co., 136 Or 622, 644, 297 P 848 (1931).

[5] 63 Harv L Rev 681 (1950).

[6] For the view favoring narrow judicial review see Jalet, Judicial Review of Arbitration: The Judicial Attitude, 45 Cornell L Q 519 (1960); Mentschikoff, Commercial Arbitration, 61 Colum L Rev 846 (1961); Sturges, Arbitration—What Is It?, 35 N Y U L Rev 1031 (1960); Summers, Judicial Review of Labor Arbitration or Alice Through the Looking Glass, 2 Buffalo L Rev 1 (1952); 63 Harv L Rev 681 (1950).

For the contrary view see Cox, Grievance Arbitration in the Federal Courts, 67 Harv L Rev 591 (1954); Herzog, Judicial Review of Arbitration Proceedings—A Present Need, 5 DePaul L Rev 14 (1955); Phillips, Rules of Law or Laissez-Faire in Commercial Arbitration, 47 Harv L Rev 590 (1934). Also see Rosenbaum v. American Surety Co. of New York, 11 NY2d 310, 183 NE2d 667, 229 NYS2d 375 (1962).

upon defendant to establish that an uninsured motorist was not involved in the accident,[7] the contrary view adopted by the arbitrator is not so grossly erroneous as to strike at the heart of the decision-making process.[8]

The judgment of the trial court is reversed.

---

[7] Widiss, Perspectives on Uninsured Motorist Coverage, 62 NW U L Rev 497, 507 (1967). It has been suggested that proof of the uninsured motorist status is a mutual obligation of the insured and the carrier. Kovin, Uninsured Motorist Arbitration Under the Illinois Statute, 21 Arb J 229, 238 (1966); American Arbitration Association, Accident Claims Arbitration Under Uninsured Motorist Coverage, 34 Ins Coun J 88 (1967) (Appendix C).

[8] The rule adopted by the arbitrator is in accord with the general rule that the insurance claimant has the burden of proving that his claim falls within the coverage of the policy. 21 Appleman, Insurance Law and Practice § 12091 (1947). More specifically, the rule applied by the arbitrator requiring the claimant to prove the uninsured status of the driver has been adopted by some courts. Levy v. American Automobile Ins. Co., 31 Ill App2d 157, 165, 175 NE2d 607 (1961); Application of Motor Vehicle Accident Indem. Corp., 28 Misc2d 492, 214 NYS2d 600, 603 (1961); Kovin, Uninsured Motorist Arbitration Under the Illinois Statutes, *supra* at 236; Widiss, *supra* note 7 at 506-07, n. 35.