Argued October 16, affirmed November 15, 1973

IN THE MATTER OF THE ARBITRATION BETWEEN
BURLINGTON NORTHERN INC., *Appellant,* AND
UNION PACIFIC RAILROAD COMPANY ET AL,
*Respondents.*
515 P2d 914

*Roger J. Crosby,* Portland, argued the cause and
filed the briefs for appellant.

*Randall B. Kester,* Portland, argued the cause for respondent Union Pacific Railroad Company. Oglesby H. Young, Portland, argued the cause for respondent Southern Pacific Transportation Company. They filed a joint respondents' brief.

Before DENECKE, Presiding Justice, and HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is an appeal from a judgment based upon an arbitration award. It is contended on this appeal that "[T]he arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made," as provided by ORS 33.320 (4).[1] It is also contended that the arbitrator committed "manifest error" and that his decision is "so grossly erroneous [so] as * * * to strike at the heart of the decision-making process," in the language of this court in *Brewer v. Allstate Insurance Co.,* 248 Or 558, 563, 436 P2d 547 (1968).

■ In *Brewer,* however, we recognized (at p 561) that the scope of judicial review of arbitration awards in Oregon is defined in ORS 33.320, including subsection (4). We also held in *Brewer* (at pp 561-62) as follows:

"* * * ORS 33.280 (4) vests in arbitrators the power to '[d]ecide both the law and the facts in-

---

[1] ORS 33.320 provides that "the party against whom an [arbitration] award was made may except in writing thereto for any of the following causes:

"(4) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

volved in the cause submitted to them.' The arbitrator acts within the bounds of his authority not only when he decides a question of law correctly according to judicial standards, but also when he applies the law in a manner which a court would regard as erroneous. As we said in *Mahaffy v. Gray*, 242 Or 522, 525, 410 P2d 822, 823 (1966), 'Neither a mistake of fact or law vitiates an award.'"

In essence, the problem which the parties agreed to submit to arbitration involved the allocation of responsibility between Burlington Northern Inc. (as successor by merger of the Great Northern Railway Company and Northern Pacific Railway Company), the Union Pacific Railroad Company and Southern Pacific Transportation Company of payments totaling $739,963.10 required by certain labor awards as a result of the termination of 151 jobs of various persons employed by the Portland Terminal Company. Those job terminations, in turn, were the result of action by these various railroads in discontinuing the operation of various passenger trains which had been previously repaired, serviced and maintained by employees of the Terminal Company.

The primary issue to be decided by the arbitrator was whether the method of allocation was to be determined by (a) the terms of a "catch-all" provision for "general expenses and costs not specifically provided for * * *," as included in a "Basic Operating Contract" dated December 31, 1932, or (b) the terms of a provision relating to "the cost actually incurred * * * in maintaining and operating" the railroad yard of the Terminal Company, as included in a so-called "Guilds Lake" contract dated February 3, 1933.

The arbitrator made the allocation by application of the provisions of the former contract. It is

contended on this appeal that he should have made the allocation by application of the provisions of the latter contract.

A second issue related to the time as of which such an allocation should be made.

The resolution of these questions involved not only the interpretation and application of two complicated contracts, but also various technical concepts of railroad operation and accounting practice, upon which considerable evidence and argument were offered for consideration by the arbitrator. The arbitrator selected by agreement of the parties, Mr. Nelson A. Sharfman, was a "transportation consultant." As such, he was presumably well qualified to give proper consideration to these various problems.

We have studied the provisions of both contracts, as well as the record of testimony and the written exhibits submitted in the arbitration proceeding. It would serve no useful purpose to discuss them in detail.

■ Based upon such a review of the record we find and conclude that regardless of whether this court might have reached the same result in a trial de novo, the decision by the arbitrator that the allocation should be made under the provisions of the "Basic Operating Contract" was not a decision which "exceeded his powers" or which was otherwise subject to proper exception under ORS 33.320 (4) or to judicial review by this court. We reach the same result with reference to the decision by the arbitrator on the question of the time as of which the allocation should be made.

Accordingly, we affirm the judgment as entered on the arbitration award.