Argued and submitted February 8, affirmed April 11, reconsideration denied May 25,
petition for review denied July 3, 1984 (297 Or 458)

In the Matter of the Arbitration between the
State of Oregon and the Federation of
Oregon Adult Parole and Probation Officers.

## FEDERATION OF THE OREGON ADULT PAROLE AND PROBATION OFFICERS et al, *Petitioners,*

*v.*

## STATE OF OREGON, CORRECTIONS DIVISION, *Respondent.*

(A1415; CA A28692)

679 P2d 868

Gary K. Jensen, Eugene, argued the cause and filed the brief for petitioners.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner Federation of Oregon Adult Parole and Probation Officers (Federation) is the exclusive bargaining representative for certain employes of the state Corrections Division, including petitioner Lewis. The collective bargaining agreement between the Federation and the Division makes dismissal and various other disciplinary actions subject to a grievance procedure that can culminate in binding arbitration. Lewis was dismissed because he misused a computerized criminal information system to obtain information about a personal associate. Petitioners filed a grievance and pursued it to arbitration. They appealed the arbitrator's denial of the grievance to the Employment Relations Board, which affirmed the arbitrator, and petitioners now appeal from ERB's order. Their principal contention before ERB was that the award was in violation of law because the arbitrator applied an incorrect standard of proof and denied Lewis' former jeopardy defense.

ORS 240.086(2)(g) requires that ERB:

"(2) Review and enforce arbitration awards involving employes in certified or recognized appropriate collective bargaining units. The awards shall be enforced unless the party against whom the award has been made files written objections thereto for any of the following causes:

"* * * * *

"(g) The award is in violation of law."

The decisive issue in this appeal is whether ERB erred in concluding that "[t]he scope of review of arbitration awards * * * pursuant to ORS 240.086(2)(g) does not extend to review of the reasoning used by the arbitrator," but is limited to the question "whether the enforcement of the award would require the violation of a law."[1]

ERB analogized the appropriate scope of its review under ORS 240.086(2)(g) to the review standard it has developed in proceedings to enforce arbitration decisions under

---

[1] Although ERB and petitioners refer to the reviewability of the arbitrator's "reasoning," the more precise statement of the issue is whether ERB's review under ORS 240.086(2)(g) extends to errors of law made by the arbitrator in arriving at the decision, e.g., misallocation of the burden of proof or misinterpretation of a contractual provision, or is limited to whether the enforcement of the decision would require an unlawful act.

ORS 243.672(1)(g) and (2)(d), relating, respectively, to violations by public employers and public employes or labor organizations of contractual requirements that they "accept the terms of an arbitration award, where previously the parties have agreed to accept such awards as final and binding upon them." ERB articulated that standard in *Willamina Education Association and Barbara Crowell v. Williamina School District,* Case No. 30-44-635, 5 PECBA 4086 (1980), where it stated that an arbitration award is enforceable unless the parties did not agree that it be final and binding and unless

> "[e]nforcement of the award would be contrary to public policy (for example, the award requires the commission of an unlawful act; the arbitration proceedings were not fair and regular and, thus, did not conform to normal due process requirements)."[2]

In its present order, ERB referred to the quoted language and concluded:

> "* * * [T]he question before us is whether ORS 240.086(2)(g) enlarges this scope of review. We conclude that it does not. We find that 'violation of law' by the award, pursuant to ORS 240.086(2)(g), is analogous to the [quoted] example * * *, namely that of the award requiring the 'commission of an unlawful act.' Thus, the test for [ORS 240.086(2)(g)] is whether the enforcement of the award would require the violation of a law. This in no way indicates an inquiry into the reasoning of the arbitrator."

■■ Petitioners disagree with ERB's narrow interpretation of what ORS 240.086(2)(g) makes reviewable. We conclude that ERB's construction of the statute is correct. The phrase "[t]he *award* is in violation of law" (emphasis supplied), read literally, refers to the legality of the end-product of the arbitration and not to the legal reasoning underlying the arbitrator's decision or to intermediate rulings in the arbitration proceeding. Moreover, that literal understanding of what is reviewable under ORS 240.086(2)(g), in conjunction with the matters ERB may review pursuant to ORS 240.086(2)(a)-(f), makes the *overall* scope of review and the matters reviewable under that statute commensurate with the very limited judicial or administrative review that other

---

[2] We approved ERB's standard in *Willamina Sch. Dist. 30J v. Willamina Ed. Assn.*, 60 Or App 629, 655 P2d 189 (1982).

arbitration statutes and interpretive case authority permit. *See Brewer v. Allstate Insurance Co.,* 248 Or 558, 436 P2d 547 (1968); *Eugene Educ. Assoc. v. Eugene School Dist. 4J,* 58 Or App 140, 648 P2d 60 (1982). The errors of law petitioners assign, that the arbitrator failed to apply the appropriate standard of proof and that he rejected Lewis's former jeopardy defense, fall outside that limited scope of review.

■ More specifically, ERB's interpretation makes its scope of review and the grounds upon which it can deny enforcement equivalent under ORS 240.086(2) and ORS 243.672. ERB correctly reasoned that there should be no significant disparity in the way the two statutes are applied. ORS 240.086(2) pertains to arbitration awards "involving employes in certified or recognized appropriate collective bargaining units"; ORS 243.672(1)(g) and (2)(d) relate to arbitration awards which the employer, on the one hand, or the employe or union, on the other, has not accepted despite the parties' agreement to be bound. There can seldom, if ever, be an arbitration award involving a particular employe who is a member of a bargaining unit unless the employer and the bargaining representative have agreed to binding arbitration, as the Federation and the employer did here. Indeed, the purpose of Oregon Laws 1979, chapter 468, by which ORS 240.086(2) was adopted, as explained in ERB's order,

> "* * * was to remove State employes in collective bargaining units from the operation of the rules of the Executive Department Personnel Division and to make them subject, in lieu thereof, to the provisions (and remedies) of their respective collective bargaining agreements. A major change was to substitute, as a remedy to such employes for discipline, the appropriate contract grievance procedures (including, where applicable, binding arbitration). * * *

■ Along with the other factors we have discerned, the common contractual basis for the arbitration awards reviewable under ORS 240.086 and 243.672 militates in favor of ERB's interpretation that makes the scope of its review under the two statutes equivalent and limited. The guiding principle in both contexts is that arbitration awards should be subject only to sparing review, in the interest of promoting the efficiency and finality of arbitration as a decision-making process for parties who contract to use it. *See Brewer v. Allstate Insurance Co., supra,* 248 Or at 561-62.

We reject petitioners' assignment of error pertaining to ERB's scope of review. They make three further assignments. Two of those involve matters that, in the light of our holding, are beyond ERB's and our scope of review. The third is without merit.

Affirmed.