Argued and submitted May 13, 1988, reversed and remanded January 18, 1989

# RUSSELL,
*Appellant,*

*v.*

# WORLD FAMOUS, INC.,
dba World Famous Autos,
*Respondent.*

# WORLD FAMOUS, INC.,
*Third-Party Plaintiff,*

*v.*

# NATIONAL WARRANTY CORPORATION,
*Third-Party Defendant-Respondent.*

(86-3795-J-3; CA A46765)

767 P2d 456

Douglas J. Richmond, Medford, argued the cause for appellant. With him on the briefs was Kellington, Krack, Richmond & Blackhurst, Medford.

Donald W. Pinnock, Ashland, argued the cause for respondent. With him on the brief was Davis, Ainsworth, Pinnock, Gilstrap & Harris, P.C., Ashland.

No appearance for third-party defendant-respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

Richardson, P. J., dissenting.

## JOSEPH, C. J.

Plaintiff sued defendant World Famous, Inc., for breach of contract, unlawful trade practices and misrepresentation in connection with a service contract purchased with a used car. After the purchase, the water pump failed, causing damage to the car. Before trial, the court granted defendant's demand for arbitration under the contract.[1] In the arbitration, defendant prevailed on all three claims, and the trial court entered a judgment on the award. Plaintiff appeals, claiming that the arbitrators exceeded their authority. *See* ORS 33.320. We reverse and remand.[2]

Plaintiff excepted to the arbitration award on two grounds: The arbitrators had no power to hear the case, because it involved more than a dispute over "the amount of damages"; there was "evident partiality" on the part of two of the arbitrators. The court overruled both exceptions, but plaintiff appeals only in respect to the first.

■ We interpret plaintiff's assignments of error to raise two issues: whether the dispute was arbitrable and, if it was, what was the scope of the arbitrators' power. The service contract provides:

"If there is a disagreement on *the amount of damages,* either party may make written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators shall select a third. If they cannot agree in thirty (30) days, either may request that a selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally. A decision agreed to by two of the arbitrators shall be binding." (Emphasis supplied.)

Plaintiff argues that none of the dispute was arbitrable,

---

[1] The arbitration order provides:

"IT IS HEREBY ORDERED that the trial in the above-entitled matter shall be continued indefinitely and that the Demand for Arbitration as requested for [sic] Defendant shall be implemented, either according to the terms of the Vehicle Service Contract, which was subject of Plaintiff's Complaint, or by agreement of the parties."

[2] A third-party complaint was filed against National Warranty Corporation, the administrator under the contract. In view of the decision on the arbitrated matter, the third party claim was treated by the trial court as moot. Although it was named as a respondent in the notice of appeal, National Warranty has not appeared in this court.

because it involved more than the one arbitrable issue specified in the agreement: "the amount of damages." We disagree. The service contract provides for arbitration, even though it seems to limit the scope of arbitration. ORS 33.220 - ORS 33.240; *see Peter Kiewit v. Port of Portland,* 291 Or 49, 62, 628 P2d 720 (1981) *(semble)*. Furthermore, plaintiff waived the right to dispute arbitrability by participating in the arbitration without objection. *Mendelson v. State Farm Mutual Auto. Ins. Co.,* 285 Or 269, 274, 590 P2d 726 (1979).

■ ■  However, participation in an arbitration does not waive an objection to the scope of the award. *Gamble et ux v. Sukul,* 208 Or 480, 486-8, 302 P2d 553 (1956). The service contract is the only written agreement between the parties and, therefore, it dictates the scope of the arbitration.[3] Under that agreement, arbitration is limited to "the amount of damages" and does not include the authority to decide plaintiff's claims for unfair trade practices, misrepresentation or breach of contract. It is as clear as could be that the only matter that could be arbitrated was a dispute about how much damage a covered vehicle had suffered as the consequence of a loss covered by the contract. The trial court should not have entered judgment on the award.

Reversed and remanded.

**RICHARDSON, P. J.,** dissenting.

I disagree with the majority's implicit conclusion that it is an appropriate exercise of judicial review to intervene in the arbitration process and to reject the arbitrators' interpretation of what matters the service contract made subject to their authority. I therefore respectfully dissent.

The parties contracted for arbitration as a dispute resolution mechanism. The arbitrators decided issues that they understood to be within the contemplation of the contractual arbitration provision. Neither the trial court nor we should interfere. To whatever extent the case cited by the

---

[3] Agreements to arbitrate must be in writing. ORS 33.220; *Halvorson-Mason Corp. v. Emerick Const. Co.,* 81 Or App 119, 125, 724 P2d 871 (1986), *rev'd on other grounds* 304 Or 407, 745 P2d 1221 (1987). The arbitrators are confined to issues contained in the written agreement. ORS 33.320; ORS 33.340; *Gamble et ux v. Sukul, supra,* 208 Or at 488; *Coast Trading Co., Inc. v. Pacific Molasses Co.,* 681 F2d 1195, 1197 (9th Cir 1982).

majority, *Gamble et ux v. Sukut,* 208 Or 480, 302 P2d 553 (1956), can be read to suggest otherwise, it does not survive *Brewer v. Allstate Insurance Co.,* 248 Or 558, 436 P2d 547 (1968), where the court said:

> "The arbitrator acts within the bounds of his authority not only when he decides a question of law correctly according to judicial standards, but also when he applies the law in a manner which a court would regard as erroneous. As we said in *Mahaffy v. Gray,* 242 Or 522, 525, 410 P2d 822, 823 (1966), 'Neither a mistake of fact or law vitiates an award.'
>
> "* * * [E]rrors of this kind are a part of the cost of employing the arbitration method of decision-making. The principal purpose of arbitration is to avoid litigation. If the arbitrator's award is subject to extensive judicial control, this purpose is largely frustrated. Although there is some disagreement among the courts and legal scholars on the question of the extent to which arbitration awards should be subjected to judicial control, we favor the view that confines judicial review to the strictest possible limits." 248 Or at 561-62. (Footnotes omitted.)

Unlike the arbitrator's putative error in *Brewer,* the mistake that plaintiff and the majority ascribe to the arbitrators here relates to the interpretation of the provision of the contract which defines their authority. However, as we said in *Beaverton Ed. Assn v. Wash. Co. Sch. Dist. No. 48,* 76 Or App 129, 708 P2d 633 (1985), *rev den* 300 Or 545 (1986):

> "ERB's opinion on reconsideration states that, 'if an arbitrator clearly exceeds his authority his "award would not be an award that the parties had agreed to make final and binding upon them" ' (quoting from ERB's decision in *Willamina,* 5 PECBR at 4099). It is true, as ERB suggests, that a party may be dissatisfied with an arbitrator's erroneous decision that a contract makes a particular matter arbitrable that the party does not want to submit to arbitration; it is equally evident that a party would be unhappy with an arbitrator's adverse misinterpretation of any other contractual provision that affects the party's rights. However, in both instances, the party has agreed that the interpretation is for the arbitrator to make. We see no reason why the arbitrator's decision should be subject to different standards of review in the two contexts." 76 Or App at 139.

*But see Peter Kiewit v. Port of Portland,* 291 Or 49, 62, 628 P2d 720 (1981).

The Supreme Court said in *Brewer* that judicial intervention is appropriate when an arbitrator's decision is "so grossly erroneous as to strike at the heart of the decision-making process." 248 Or at 563. The decision here is not that erroneous. I agree with the majority's interpretation of the arbitration provision, but I do not think it was a *gross* error to construe the provision in the way that the arbitrators did, *i.e.,* that they had the authority to resolve "disagreement[s] on the amount of damages" and about liability issues on which claims for damages are based.