In the Matter of the Arbitration of
the Estate of William S. Edwards.

Charles EDWARDS,
Personal Representative of
the Estate of William S. Edwards,
*Respondent,*

*v.*

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,
*Appellant.*

(9008-04652; CA A67420 (Control))

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,
*Appellant,*

*v.*

Charles EDWARDS
and Robert Edwards,
as heirs of the Estate of
William S. Edwards, Deceased,
*Respondents.*

(9008-05155; CA A67421)
(Cases Consolidated)

823 P2d 439

Peter R. Chamberlain, Portland, argued the cause for appellant. With him on the briefs was Bodyfelt Mount Stroup & Chamberlain, Portland.

William F. Thomas, Portland, argued the cause for respondents. With him on the brief was Thomas J. Lekas, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Hartford Insurance Company (Hartford) appeals from the judgment on an arbitrator's award in favor of the estate of its deceased insured and from the dismissal of its declaratory judgment action against the two heirs of the insured,[1] who was killed in a collision with an automobile driven by an uninsured motorist. The uninsured motorist coverage of Hartford's policy contains a provision, pursuant to ORS 742.504, requiring binding arbitration on demand in the event of a disagreement concerning:

"1. Whether [an insured] is legally entitled to recover damages under this endorsement;

"2. As to the amount of damages."

The arbitration provision was invoked. Apparently because the two heirs were both claimants, the arbitrator concluded that Hartford's per accident limit, $50,000, rather than its $25,000 single bodily injury limit was applicable. The claimants moved for entry of judgment on the award. Hartford filed exceptions and, contemporaneously, brought a declaratory judgment action seeking to have the $25,000 limit declared to be the applicable one. The trial court overruled the exceptions, entered judgment on the award and dismissed the declaratory judgment action on the ground that another action was pending between the parties on the same matter. Hartford appeals from both judgments. We affirm.

Hartford's first assignment is that the trial court erred in rejecting its exceptions and in entering judgment on the arbitrator's award. It contends that the arbitrator exceeded the scope of his authority under the arbitration provision of the policy. It explains:

"Hartford's insurance contract with [the insured] provided that the legal entitlement to recover uninsured motorist damages, and the amount of such damages, were subject to binding arbitration. The arbitrator charged with resolving these issues exceeded his powers in that he not only decided liability and damages but also went on to attempt to resolve a coverage issue under Hartford's policy: whether the single bodily injury limit ($25,000) or double bodily injury limit ($50,000) applied to the claim for damages."

---

[1] We will refer to the respondents collectively as "claimants."

The argument depends on a distinction that does not exist. Although "damages" and "coverage" are not always synonymous, the terms clearly overlap in the context of the arbitration provision. The first paragraph refers to disagreements over the insured's legal entitlement "to recover damages *under this endorsement*." (Emphasis supplied.) The term "amount of damages" in the second paragraph must also contemplate the amount that the claimant is entitled to receive under the endorsement. Consequently, determining damages is inseparable from determining the applicable coverage provision.

Hartford's reliance on *Russell v. World Famous, Inc.*, 94 Or App 748, 767 P2d 456 (1989), does not assist it. We concluded there that the arbitrators exceeded their authority under a contractual provision that authorized them to decide only "the amount of damages," because they also decided the plaintiff's unfair trade practices, misrepresentation and breach of contract claims. Here, the arbitrator decided precisely what the contract authorized him to decide.[2]

■ Hartford next argues that the arbitrator was incorrect in his interpretation that the $50,000 limit rather than the $25,000 limit applied to the claim. The trial court rejected that argument, citing *Brewer v. Allstate Insurance Co.*, 248 Or 558, 436 P2d 547 (1968), for the proposition

> "that judicial review of arbitration awards should be limited to the strictest possible limits. Thus, even if the Court were to feel the arbitrator made a mistake, that is not a sufficient basis to hold the arbitrator exceeded his authority."

We agree with the trial court. Although Hartford makes a cogent argument for a contrary interpretation, the error, if any, in the arbitrator's interpretation falls well short of the standard for reversibility of an arbitrator's decision under *Brewer*: "so grossly erroneous as to strike at the heart of the decision-making process." 248 Or at 563.

■ In its second assignment, Hartford contends that the court erred by dismissing its declaratory judgment action.

---

[2] By discussing the merits of the scope of arbitration issue, we do not imply that the arbitrator's decision on that issue is subject to plenary judicial reexamination. *See Beaverton Ed. Assn v. Wash. Co. Sch. Dist. No. 48*, 76 Or App 129, 708 P2d 633 (1985), *rev den* 300 Or 545 (1986).

Again, we agree with the trial court's ruling. However, we add to the rationale for the ruling that the arbitration provision precluded Hartford from bringing, and the court from entertaining, a separate action concerning a matter that was subject to arbitration.

Affirmed.