Argued and submitted February 24, affirmed on appeal; remanded on cross-appeal
September 27, 1995

Stephen SYLVESTER
and Linda Sylvester,
*Respondents - Cross-Appellants,*

*v.*

M. Hassan ABDALLA,
*Appellant - Cross-Respondent.*

(9405-03221; CA A84923)

903 P2d 410

Margaret Fiorino argued the cause for appellant - cross-respondent. With her on the briefs was Fiorino & Vacura.

Curtis D. Kinsley argued the cause for respondents - cross-appellants. With him on the brief was Banton & Kinsley, P.C.

Before Deits, Presiding Judge, and De Muniz and Armstrong, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals a judgment for plaintiffs entered on an arbitrator's award pursuant to ORS 36.300 *et seq.* Plaintiffs cross-appeal from the court's failure to award them attorney fees after they successfully resisted defendant's exception to the arbitrator's award. We affirm on the appeal and reverse and remand on the cross-appeal.

On October 7, 1993, defendant submitted an offer, on a preprinted "Sale Agreement and Receipt for Earnest Money" form (agreement), to purchase plaintiffs' home. Plaintiffs signed the agreement. It contained a mandatory arbitration clause[1] and an "Attorney's Fees in Arbitration" clause, which provides, in part:

> "The prevailing party in the arbitration shall be entitled to recover reasonable costs and attorney's fees in connection therewith, and the determination of who is the prevailing party, what are reasonable costs, and the amount of attorney's fees to be paid to the prevailing party shall be decided by the arbitrator(s) (with respect to all recoverable attorney's fees incurred prior to and during the arbitration proceedings) and by the court or courts, including any appellate

---

[1] The "Mediation/Arbitration in Lieu of Litigation" clause provides:

"Seller(s), Buyer(s), Realtor(s) and all other Brokers (hereinafter collectively referred to as 'Broker(s)') involved in this transaction (including a Broker's officers, employees, and agents) each agree that all claims, controversies, or disputes, whether they be statutory, contract and/or tort claims (including alleged misrepresentations, concealment, negligence, fraud and/or claims for fees or commissions) between or among Seller(s), Buyer(s) and/or Broker(s) which arise out of or are related to this agreement, or which relate to the interpretation or breach of this agreement (hereinafter collectively referred to as 'Claims') shall be resolved in accordance with the mediation and arbitration procedures specified herein. The following matters are excluded from this *mediation/arbitration clause and do not constitute Claims: (a) judicial or non-judicial* foreclosure or any other action or proceeding to enforce a trust deed, mortgage, or land sale contract; (b) a forcible entry and detainer action; or (c) the filing or enforcement of a mechanic's lien. The filing of a notice of pending action (lis pendens) or the application to any court having jurisdiction thereof for the issuance of any provisional process remedy described in Rules 79 through 85 of the Oregon Rules of Civil Procedure (or corresponding federal statutory remedies) including a restraining order, attachment, appointment of receiver, shall not constitute a waiver of the right to mediate or arbitrate under this provision, nor shall it constitute a breach of the duty to mediate or arbitrate. The proceeds resulting from the exercise of any such remedy shall be held by the party obtaining such proceeds for disposition as may be determined by an agreement of the parties pursuant to a mediation or by the arbitration award."

court, that hears any exceptions made to an award submitted to it for confirmation as a judgment * * *."

Plaintiffs received another offer for their property. After that, defendant presented an addendum to the agreement. Plaintiffs considered the addendum a termination of the agreement and accepted the other offer.

Defendant commenced arbitration proceedings in accordance with the arbitration clause in the agreement. He sought money damages from plaintiffs for breach of the agreement. Plaintiffs claimed, *inter alia*, that the parties did not have an enforceable agreement.

In his letter opinion, the arbitrator held, in part:

"I am persuaded that the blank space for allocation of lender-required repairs resulted in lack of agreement on a material term — the purchase price."

In his award, the arbitrator stated:

"In awarding attorney's fees and costs, I interpreted the broad provision in the earnest money agreement to extend to claims of this type. *See Niedermeyer v. Latimer*, 307 Or 473, 477 (1989). Further, this was not a claim for recision, nor was the defense that respondent was not a party to the contract. Rather, this was a claim on a contract document signed by both sides, the successful defense being that the financial terms were too indefinite to be enforced. I see no reason in law or fact why the cost provision, which is clear and definite, should not be given effect."

Plaintiffs sought judgment on the arbitrator's award in the Multnomah County Circuit Court. Defendant excepted to the award on the ground that

"the arbitrator exceeded his authority, ignoring controlling Oregon authority directly on point, in awarding attorney fees to the plaintiffs."

The court granted judgment on plaintiffs' arbitration award and denied plaintiffs' motion for attorney fees.

■　　On appeal, defendant contends that the court erred in denying his exception to the arbitration award. He argues that the arbitrator exceeded his authority in making the

award. ORS 36.355(1)(d).[2] Defendant first asserts that an arbitrator's authority is derived solely from the parties' agreement. *Sloan v. Journal Publishing Co.*, 213 Or 324, 366, 324 P2d 449 (1958). He maintains that, when the arbitrator concluded that the terms of the agreement were "too indefinite to be enforced," the entire agreement, including the attorney fee provision, became unenforceable. At that point, he argues, the arbitrator lost his authority to decide the attorney fee issue.

In deciding whether plaintiffs were entitled to attorney fees under the agreement, the arbitrator decided a question of law. Arbitrators have the authority to "[d]ecide both the law and the facts involved in the cause submitted to them." ORS 36.335(4). In *Brewer v. Allstate Insurance Co.*, 248 Or 558, 561-62, 436 P2d 547 (1968), the Supreme Court explained that judicial review of arbitration decisions is extremely limited:

> "The arbitrator acts within the bounds of his authority not only when he decides a question of law correctly according to judicial standards, but also when he applies the law in a manner which a court would regard as erroneous. As we said in *Mahaffy v. Gray*, 242 Or 522, 525, 410 P2d 882, 823 (1966), 'Neither a mistake of fact or law vitiates an award.'

> "[E]rrors of this kind are a part of the cost of employing the arbitration method of decision-making. The principal purpose of arbitration is to avoid litigation. If the arbitrator's award is subject to extensive judicial control, this purpose is largely frustrated. Although there is some disagreement among the courts and legal scholars on the question of the extent to which arbitration awards should be subjected to judicial control, we favor the view that confines judicial review to the strictest possible limits." (Footnotes omitted.)

The parties' agreement made arbitrable "all claims, controversies or disputes * * * which arise out of or are

_____
[2] ORS 36.355(1) provides, in part:

"[T]he party against whom an award was made may file with the circuit court exceptions in writing to the award for any of the following causes:

"* * * * *

"(d) *The arbitrators exceeded their powers*, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." (Emphasis supplied.)

related to this agreement, or which relate to the interpretation or breach of this agreement." Whether attorney fees were recoverable under the provisions of the agreement is a claim or dispute between the parties that "arise[s] out of" or is "relate[d] to the interpretation or breach of [the] agreement." Accordingly, the arbitrator was authorized to make the determination concerning attorney fees. Judicial intervention is appropriate only if the arbitrator's interpretation of the attorney fee provision of the agreement is "so grossly erroneous as to strike at the heart of the decision-making process." *Brewer*, 248 Or at 563. That is not the case here.

■ On cross-appeal, plaintiffs argue that the court erred when it failed to award attorney fees to them after they successfully resisted defendant's exception to the arbitrator's award. Plaintiffs point to the attorney's fees provision in the arbitration clause:

> "The prevailing party in the arbitration shall be entitled to recover reasonable * * * attorney's fees in connection therewith, and the determination of who is the prevailing party * * * and the amount of attorney's fees to be paid to the prevailing party shall be decided by the arbitrator(s) * * * *and by the court or courts, including any appellate court, that hears any exceptions made to an award submitted to it for confirmation as a judgment * * *.*" (Emphasis supplied.)

Plaintiffs complain that the court, which agreed that they had prevailed, was required to follow the attorney fee provision and award them fees. *Mitchell v. Pacific First Bank*, 130 Or App 65, 76, 880 P2d 490 (1994). We agree. In *Mitchell*, we held that, if a contract provides that the prevailing party receives attorney fees, and if there is a prevailing party, the court must award that party attorney fees. *Id.* Here, the agreement expressly provided for attorney fees to the prevailing party, and the arbitrator ruled that plaintiffs were the prevailing party. Unless the court was prepared to rule that defendant's exception had merit, it was required to award attorney fees to plaintiffs for defending against defendant's resistance to entry of the judgment.

We need not reach plaintiffs' additional argument.

Affirmed on appeal; on cross-appeal, remanded for award of attorney fees to plaintiff.