OPINION OF THE COURT
Jones, J.
 It is for the courts to determine whether the parties agreed to submit their disputes to arbitration, if so, whether the particular dispute comes within the scope of their agreement, and finally whether there has been compliance with any condition precedent to access to the arbitration forum. In this instance we conclude that the owner and the general contractor under their construction contract agreed that a claim by *6 the latter for damages sustained in consequence of delays in construction allegedly caused by the owner is to be resolved by arbitration without prior reference to the architect. We also conclude that the county’s contention that the demand for arbitration was not made within the contractual period of limitations is to be resolved by the arbitrator.
The County of Rockland and Primiano Construction Co., Inc., entered into a contract pursuant to which Primiano agreed to construct the Core Facilities Building at the Rock-land County. Health and Social Services Complex at Pomona, New York. Following execution by the county and Primiano of a certificate of substantial completion of the project as of January 19, 1977 Primiano contended that the county had not performed its obligations under the contract and that in consequence of the county’s breach Primiano had suffered substantial delay damages. On September 20, 1978 the contractor served a demand that its claim for delay damages be resolved in arbitration.
The county made a timely application for an order staying arbitration on the grounds that under the terms of their contract the contractor was required first to refer its claim to the architect for his decision and that the parties had not agreed, to arbitration until after the architect had made his decision and that, in any event, the demand for arbitration had not been timely made. Primiano cross-moved to compel arbitration in accordance with its demand. Special Term denied the county’s application, holding that reference to the architect was not a prerequisite to arbitration and that the issue of the timeliness of the demand presented a question for determination by the arbitrator. It accordingly granted the contractor’s cross motion to compel arbitration. On appeal by the county the Appellate Division reversed, granting the county’s motion to stay arbitration and denying Primiano’s cross motion. We now reverse and reinstate the order of Special Term.
A general statement of the applicable principles of law will be useful as a preliminary to our analysis of the issues presented on this appeal. On motions to stay or to compel arbitration there are three threshold questions to be resolved by the courts: whether the parties made a valid agreement to arbitrate, whether if such an agreement was made it has been complied with, and whether the claim sought to be arbitrated would be barred by limitation of time had it been asserted in *7 a court of the State (CPLR 7503, subd [a]; 7502, subd [b]; see Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 362-363; see, generally, McLaughlin, Practice Cominentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7503; Siegel, New York Practice, § 590; Weinstein-Korn-Miller, Manual, CPLR, p 13-7). We are here concerned only with the first two of these threshold questions.
The parties are entitled first' to a judicial determination whether there was a valid agreement to arbitrate. If the court determines that the parties had not - made «an agreement to arbitrate, that concludes the matter and a stay of arbitration will be granted or the application to compel arbitration will be denied (e.g., Schubtex, Inc. v Allen Snyder, Inc., 49 NY2d 1; Matter of Marlene Inds. Corp. [Carnac Textiles], 45 NY2d 327; Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 NY 288; Matter of Doughboy Ind. [Pantasote Co.], 17 AD2d 216). Similarly, if the court concludes that, while the parties may have made á valid agreement to arbitrate, the particular agreement that they made was of limited or restricted scope and the particular claim sought to be arbitrated is outside that scope, there will likewise be a stay of arbitration or a denial of the motion to compel arbitration (e.g., Gangel v De Groot, 41 NY2d 840 [arbitration agreement limited to disputes regarding the "execution” of an insurance policy]; Matter of ITT Avis v Tuttle, 27 NY2d 571 [arbitration agreement limited to controversies over questions of fact arising under employment contract]; see Information Sciences v Mohawk Data Science Corp., 43 NY2d 918 [claims with respect to defaults in payment excluded from arbitration agreement]).
If, however, it is concluded that the parties did make an agreement to arbitrate and that the particular claim sought to be arbitrated comes within the scope of their agreement, there then may be a second threshold question for judicial determination — has the agreement that they made been complied with? This calls for a judicial determination as to whether there is any preliminary requirement or condition precedent to arbitration to be complied with and, if so, whether there has been compliance with such requirement or condition precedent. Thus, the parties may have erected a prerequisite to the submission of any dispute to arbitration, in effect a precondition to access to the arbitral forum.[1] In such event the *8 reluctant party may be forced to arbitration only if the court determines that this portion of the agreement to arbitrate has been complied with — for example, where the parties agreed that disputes must first be submitted to a partnership for determination (Matter of Opan Realty Corp. v Pedrone, 36 NY2d 943); or where contractual limitations are expressly made conditions precedent to arbitration by the terms of the arbitration agreement (Matter of Raisler Corp. [New York City Housing Auth.], 32 NY2d 274; see Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 364, supra).
If the court concludes that the parties made a valid agreement to arbitrate, that the dispute sought to be arbitrated falls within its scope, and that there has been compliance with any agreed on conditions precedent to arbitration, judicial inquiry is at an end (absent any issue as to bar by limitation of time) and the parties should be directed to proceed to arbitration.
Sharply to be distinguished from conditions precedent to arbitration are procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself — conditions in arbitration, e.g., limitations of time within which the demand for arbitration must be made, or requirements as to parties on whom or as to the manner in which service of the demand for arbitration shall be made. As would be expected, questions as to whether there has been compliance with such procedural regulations and, if not, what the consequences shall be, are for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding (e.g., Cooper v Ateliers de la Motobecane, S. A., 49 NY2d 819; Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, supra; Matter of Triborough Bridge & Tunnel Auth. [District Council 37], 44 NY2d 967; see Matter of Raisler Corp. [New York City Housing Auth.], 32 NY2d 274, supra; semble contra, Matter of Niagara Mohawk Power Corp. [Perfetto & Whalen Constr. Corp.], 40 NY2d 986, affg on mem at 52 AD2d 1081).
It is recognized that both conditions precedent to access to the arbitral forum (falling within the judicial ambit) and procedural regulations or conditions in the arbitration pro *9 ceedings (falling to the arbitrator) may be verbally referred to indiscriminately as "conditions precedent” to arbitration. Such loose description, however, obscures analysis and clarity. Whether the particular requirement falls within the jurisdiction of the courts or of the arbitrators depends on its substance and the function it is properly perceived as playing— whether it is in essence a prerequisite to entry into the arbitration process or a procedural prescription for the management of that process. Under the first heading will come provisions which in point of time are intended to be preliminary to the institution of any arbitration proceeding and in a precise sense are unrelated to it, e.g., a requirement that before any demand for arbitration can be made the dispute between the parties be referred to the architect or to the partnership — "conditions precedent” in the literal meaning of that term. Under the second heading will come provisions relating to the conduct of the arbitration proceeding itself, i.e., requirements or conditions in arbitration, e.g., that the demand be made within a specified time,[2] or be served in a specified manner or on specified persons. Beyond that it is to be remembered that inasmuch as the entire arbitration process is a creature of contract, the parties by explicit provision of their agreement have the ability to place any particular requirement in one category or the. other, to make it a condition precedent to arbitration or to make it a condition in arbitration (cf. Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], 43 NY2d 184, 193).
We turn then to apply these principles to the case before us. At the threshold it is not disputed that Primiano and the county made a valid agreement to arbitrate differences that might arise between them under their construction contract. They agreed that "[a]ll claims, disputes and other matters in question arising out . of, or relating to, this Contract or the breach thereof’ were to be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association (subpar 7.10.1).[3] The parties, *10 however, divided the "disputes, claims and other matters in question” into two categories — those in one category ("relating to the execution or progress of the Work or the interpretation of the Contract Documents” [subpar 2.2.7]) were to be "referred initially to the Architect for decision” and only thereafter would any continuing difference be submitted to arbitration (subpar 2.2.10); those in the second category, i.e., all other disputes, claims and matters in question, would go directly to arbitration (subpar 7.10.1).
The principal issue before us in our threshold inquiry, it being undisputed that these parties had made a valid agreement to arbitrate and that the claim of Primiano for delay damages falls within the scope of that agreement, is whether this claim comes within the first category, under subparagraph 2.2.7. If so, the parties had agreed that as a condition precedent to arbitration the claim must be referred to the architect for his decision (subpar 2.2.10). Concededly there was no such prior reference in this instance and accordingly we would be called on to direct that, the agreement of arbitration not having been complied with, there should be a stay of arbitration at the present time. On the other hand, if we determine that Primiano’s claim for delay damages does not come within subparagraph 2.2.7, then all the threshold questions reserved for judicial scrutiny will have been resolved in favor of arbitration, and the stay sought by the county should be denied.
Although it is not clear beyond all argument (and no tender of extrinsic evidentiary proof as to the meaning of the subparagraph has been made), we conclude that subparagraph 2.2.7 properly interpreted does not encompass Primiano’s present claim.[4] Examination of the provisions of article 2 of *11 the General Conditions prescribing the duties of the architect discloses that the primary focus of his responsibilities is to "provide general Administration of the Construction Contract” (subpar 2.2.1). He is described as the "Owner’s representative during construction and until final payment” (sub-par 2.2.2). The architect is assured of "access to the Work whenever it is in preparation and progress” (subpar 2.2.3). He is obligated to make periodic visits to the construction site and "to determine in general if the Work is proceeding in accordance with the Contract Documents” (subpar 2.2.4). "The duties, responsibilities and limitations of authority of the Architect as the Owner’s representative during construction * * * will not be modified or extended without written consent of the Owner, the Contractor and the Architect” (subpar 2.2.17). It appears from these and other provisions of article 2, in which, of course, subparagraph 2.2.7 is to be found, that the authority of the architect is centered on the operational phases of the construction. Consistent with this perspective, "claims, disputes and other matters in question between the Contractor and the Owner” which must first be referred to the architect are those "relating to the execution or progress of the Work” (subpar 2.2.7). Claims asserted after substantial completion of the work do not fall within the scope of subparagraph 2.2.7. The present claim of Primiano for delay damages, asserted some two years after substantial completion of the project and occupation of the building comes within this latter classification, outside the compass of subparagraph 2.2.7. Therefore, reference to the architect was not a condition precedent to submission to arbitration in accordance with the provisions of subparagraph 7.10.1.
It remains then to address the other contention advanced by the county, namely, that, even assuming that Primiano’s claim is not within the reach of subparagraph 2.2.7, subparagraph 7.10.2 prescribes that "the demand for arbitration shall be made * * * within a reasonable time after the claim * * * has arisen” and that the demand by Primiano in this instance was untimely within the meaning of that provision. This provision, however (as would be the similar time limits specified in subpars 2.2.10 and 2.2.11 with respect to arbitration of decisions of the architect on subpar 2.2.7 claims and disputes), *12 is not a condition precedent to arbitration but only a procedural stipulation with respect to the conduct of the' arbitration proceeding. Accordingly, it will be for the arbitrator to resolve the contention of the county with respect to the untimeliness of this demand.
Concluding then as we do that Primiano’s present claim does not come within the prescription of subparagraph 2.2.7, we hold that the county’s motion to stay arbitration should be denied, Primiano’s cross motion to compel arbitration should be granted, and the county’s contention that Primiano’s demand for arbitration was not timely made should be left to resolution in the arbitration proceeding.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Special Term reinstated.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and judgment of Supreme Court, Rockland County, reinstated.
APPENDIX
Provisions of the General Conditions of the Contract for Construction.
2.2.7 Claims, disputes and other matters in question between the Contractor and the Owner relating to the execution or progress of the Work or the interpretation of the Contract Documents shall be referred initially to the Architect for decision which he will render in writing within a reasonable time.
2.2.8 All interpretations and decisions of the Architect shall be consistent with the intent of the Contract Documents. In his capacity as interpreter and judge, he will exercise his best efforts to insure faithful performance by both the Owner ánd the Contractor and will not show partiality to either.
2.2.9 The Architect’s decisions in matters relating to artistic effect will be final if consistent with the intent of the Contract Documents.
2.2.10 Any claim, dispute or other matter that has been referred to the Architect, except those relating to artistic effect as provided in Subparagraph 2.2.9 and except any which have been waived by the making or acceptance of final payment as provided in Subparagraphs 9.7.5 and 9.7.6, shall be subject to arbitration upon the written demand of either party. However, no demand for arbitration of any such claim, dispute or other matter may be made until the earlier of:
*13 2.2.10.1 The date on which the Architect has rendered his written decision, or
.2 the tenth day after the parties have presented their evidence to the Architect or have been given a reasonable opportunity to do so, if the Architect has not rendered his written decision by that date.
2.2.11 If a decision of the Architect is made in writing and states that it is final but subject to appeal, no demand for arbitration of a claim, dispute or other matter covered by such decision may be made later than thirty days after the date on which the party making the demand received the decision. The failure to demand arbitration within said thirty days’ period will result in the Architect’s decision becoming final and binding upon the Owner and the Contractor. If the Architect renders a decision after arbitration proceedings have been initiated, such decision may be entered as evidence but will not supersede any arbitration proceedings unless the decision is acceptable to the parties concerned.
********
7.10 ARBITRATION
7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect’s decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
7.10.2 Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect. The demand for arbitration shall be made within the time limits specified in Subparagraphs 2.2.10 and 2.2.11 where applicable, and in all other cases within a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

. In this same category with conditions precedent to árbitration agreed to by the *8 parties are included statutory conditions precedent (e.g., Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283; see Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 363, supra).

. While compliance with periods of limitation imposed by statutes is generally for the courts, compliance with contractual periods of limitation is for the arbitrator (Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.], 35 NY2d 599, 607; see Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 288-289, supra).

. The text of the relevant provisions of the General Conditions of the Contract for Construction is set forth in the appendix. From the scope of all arbitration the parties expressly excluded "matters relating to artistic effect” (subpars 7.10.1 and 2.2.9) and *10 claims which have been waived by the making or acceptance of final payment (subpars 9.7.5, 9.7,6). These blanket exclusions are irrelevant for the purposes of the present appeal.

. In passing we observe that in a literal sense it might be asserted that the determination whether Primiano’s claim comes within subparagraph 2.2.7 necessarily involves "interpretation of the Contract Documents” and as such should initially be referred to the architect under the provision in subparagraph 2.2.7. No argument to this effect has been advanced by the county, however, nor has the issue been addressed by the contractor. Undoubtedly this stems from the recognition of the parties that this provision should be held to relate only to the substantive provisions of the contract documents as to which the architect might be expected to have a special competence. To hold that the clause extended as well to interpretation of the provisions relating to arbitration would be to accord to the architect initial authority (subject to subsequent arbitration) to determine whether the parties had made a valid *11 agreement to arbitrate and, if so, its scope and whether it had been complied with. At least in the absence of explicit language employed by the parties commanding this result, such a bootstrap argument should be rejected.