## (March 11, 1982)

■ 873 THIRD AVENUE CORP., Appellant, v 875 THIRD ASSOCIATES, Respondent. — Order of the Supreme Court, New York County (Whitman, J.), entered October 20, 1981, denying plaintiff-appellant's motion for a stay of appraisal on the ground that there is no provision in the lease establishing a time limit is affirmed, with costs. Our dissenting colleague, however, would reverse in part since, in his view, the issue of whether the lessor, respondent here, waived its right to an appraisal to determine the rental value of the subject real property by not timely commencing the proceeding is a matter for arbitration and not the courts. CPLR 7503 authorizes parties to an agreement to make an application to compel or stay arbitration, as the case may be. Subdivision (a) of that section specifically refers to determination by the court as to whether there has been compliance with the agreement. Although plaintiff chose instead to bring an action for declaratory judgment to have the notice of appraisal declared null and void, the court has in effect been asked to rule on the question of whether proceedings under the arbitration clause should be stayed due to defendant's alleged untimeliness. In *Matter of County of Rockland* (*Primiano Constr. Co.*) (51 NY2d 1), the Court of Appeals distinguished between conditions precedent to arbitration and procedural stipulations which the parties have decreed for the conduct of the arbitration proceeding itself ("conditions in arbitration"). Although the court held that limitations of time within which the demand for arbitration is to be made belong to the latter category and are thus a matter for resolution by the arbitrator, as opposed to the former which must be determined by the court, the Court of Appeals went on to assert (p 9) that "inasmuch as the entire arbitration process is a creature of contract, the parties by explicit provision of their agreement have the ability to place any particular requirement in one category or the other, to make it a condition precedent to arbitration or to make it a condition in arbitration". In the instant case, defendant has neither challenged plaintiff's right to apply to the court for a determination of this matter nor requested that the issue of timeliness be considered by an arbitrator. We may not thus compel arbitration as to a dispute which both parties were content to allow the court to settle. Concur — Kupferman, Markewich, Bloom and Milonas, JJ.

Murphy, P. J., dissents in part in a memorandum as follows: A dispute exists between the parties as to whether defendant waived its right to seek a rental increase for the period April 30, 1980 through April 30, 1984. That dispute should be submitted to arbitration under article XXX of the lease. For that reason, Special Term correctly denied plaintiff's motion for a stay. However, it was improper for Special Term to decide that defendant had not waived its right to a rent increase. That issue should be determined by the arbitrators.

■ SUZANNE MERRILL, Appellant, v DOUGLAS RALSTON, Respondent. — Decision and order, Family Court, New York County (McDonald, J.), dated July 11, 1980, unanimously held in abeyance pending further developments in the Family Court and the Supreme Court, and until the further order of this court. Counsel are directed to notify this court of any decisions in the Family Court and the Supreme Court in this case, and, in any event, to render a report to this court not later than September 15, 1982, as to the then status of the proceedings in the Family Court and in the Supreme Court. No opinion. Concur — Carro, J. P., Lupiano, Silverman and Asch, JJ.