■ EAST RAMAPO CENTRAL SCHOOL DISTRICT, Appellant, v G. GREGORY SYMANSKI, Respondent. — In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Rockland County (Marbach, J.), entered November 5, 1981, which denied the application and directed the parties to proceed to arbitration. Judgment reversed, on the law, without costs or disbursements, and application to stay arbitration granted. Respondent, a principal employed by petitioner and a member of the East Ramapo Principals' Association, which is not a party herein, demanded arbitration of petitioner with respect to a longevity increment to which he claimed he was entitled. The demand was made pursuant to a collective bargaining agreement entered into between petitioner and the East Ramapo Principals' Association. The agreement provides, in article X, for a four-level grievance procedure, the last level of which is arbitration. The agreement specifically provides that arbitration, as well as a majority of the grievance steps, may be pursued only by the association. However, respondent relies upon article X (subd C, par 1) of the agreement, which precedes those sections dealing with the grievance and arbitration process, and which provides, *inter alia,* that "[n]othing herein contained shall be construed to prevent any individual from presenting a grievance and having the grievance adjusted, without the intervention of the Association, if such adjustment is not inconsistent with the terms of this contract. The Superintendent will inform the Association prior to the adjustment of the basis for the resolution of such individual grievance. In no case shall such adjustment constitute a binding precedent." Special Term deter-

mined that this provision contemplated the individual right to demand arbitration, notwithstanding the fact that such an interpretation was contrary to the specific language of the arbitration provision. We disagree and find that the intention of the parties, as expressed in the agreement, is that only the association has the power to demand arbitration on behalf of its members, and that the provision relied upon by Special Term is intended as a separate and less formal approach to grievance resolution than the formal four-level grievance procedure (see *County of Westchester v Mahoney,* 56 NY2d 756). This issue, whether or not the parties have a valid agreement to arbitrate, is a proper issue for the court to resolve, and is not a procedural issue which may be determined by the arbitrator (see *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 6-7). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.