■ HERBERT A. HUSS, M.D., P. C., et al., Respondents, v JAMES D. LOFTUS, M.D., P. C., et al., Appellants.—In an action to recover damages for breach of a partnership agreement, in which the defendants served a demand for arbitration and the plaintiffs moved for a permanent stay thereof, the appeal is from an order of the Supreme Court, Rockland County (Stolarik, J.), dated November 13, 1987, which granted the motion to stay arbitration and denied the appellants' cross motion to compel arbitration.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the parties are directed to proceed to arbitration.

The record reveals that the parties, both duly licensed physicians and partners in an obstetrics and gynecology practice, individually and on behalf of their respective professional corporations, entered into a stockholders' agreement. This agreement included, *inter alia,* a buy-out provision in the event of the permanent disability of either party, a method of valuation of the shares and an arbitration clause made appli-

cable to "[a]ny dispute or controversy arising under this Agreement". Five years later the parties executed a partnership agreement which specifically referred to the stockholders' agreement several times. The partnership agreement did not contain any arbitration provision but did contain an integration clause which stated that "[t]his agreement and the other agreements referenced herein constitute the entire agreement and understanding of the parties". Thereafter, the appellant James D. Loftus became disabled and was unable to return to the practice. Following commencement of an action by the petitioner Huss, *inter alia,* alleging a breach of the partnership agreement, the appellants served upon him a demand for arbitration of the issues of the existence of a disability and the method of valuation.

It is clear from the record that in signing the stockholders' agreement the parties entered into a valid agreement to arbitrate, that the entire stockholders' agreement, including the arbitration clause, was incorporated into the partnership agreement and that, therefore, the instant dispute must be submitted to arbitration *(see,* CPLR 7503 [b]; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1). Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.