Argued and submitted January 20, reversed and remanded with instructions April 5, reconsideration denied May 26, petition for review allowed July 13, 1989 (308 Or 184)

**MORESI,**
*Appellant,*

*v.*

**NATIONWIDE MUTUAL,**
*Respondent.*

(87-189-CV; CA A48571)

771 P2d 301

George W. Kelly, Eugene, argued the cause and submitted the brief for appellant.

Hugh Collins, Medford, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Appellant appeals from a judgment holding that she is not entitled to arbitration. We reverse.

On June 28, 1985, appellant was injured in an automobile accident involving an uninsured motorist. At that time, her vehicle was covered by a policy issued by respondent that provided, in part:

> "If [respondent] and the insured do not agree about the insured's right to recover damages or the amount of damages, the following arbitration procedure will be used: After written demand for arbitration by either party, each party will select a competent and disinterested arbitrator. The two so selected will select a third."[1]

On May 4, 1987, respondent's agent wrote directly to appellant:

> "On April 15, 1987, I contacted you to discuss the settlement of your pending Bodily Injury Uninsured Motorist claim. At that time I offered you $4,000 worth of general damages. I want to make you aware that under the Oregon Statutes you have two years to reach a settlement for Bodily Injury Uninsured Motorist claims. If we fail to settle this pending Bodily Injury Uninsured Motorist case prior to June 28, 1987, there will be no action that you can take to collect for damages against Nationwide Insurance."

Appellant did not accept respondent's offer, and on June 23, 1987, she filed a "Petition to Arbitrate," in circuit court. The trial court, apparently concluding that the petition did not constitute a written demand, found that respondent was not in breach of the agreement to arbitrate and dismissed the petition.

■ The trial court's scope of inquiry in a proceeding to compel arbitration is governed by ORS 33.230[2] and is limited

---

[1] The parties did not introduce the entire agreement into evidence but stipulated that the contract states that the controversy between the parties will be determined by the arbitrators.

[2] ORS 33.230 provides, in part:

"A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration, described in ORS 33.220, shall petition the circuit court, or a judge thereof, for an order directing that the arbitration proceed in the manner provided for in the contract or submission. Ten days' notice in writing of the application shall be served upon the party

to whether there is a contract providing for arbitration and whether there has been a default in the contract. *Union County Sch. Dist. No. 1 v. Valley Inland,* 59 Or App 602, 606, 652 P2d 349 (1982). There is no dispute whether a contract to arbitrate exists. Respondent argues that it was not in default because appellant did not meet "the condition precedent" of a written demand.[3] Appellant argues that the trial court could not consider that defense which requires interpretation of the words "written demand," because interpretation of a term of a contract that is subject to arbitration is the responsibility of the arbitrator and not of the court.

■ ORS 33.230 does not make it clear what defenses the trial court may consider. *Union County Sch. Dist. No. 1 v. Valley Inland, supra,* 59 Or App at 606. We find persuasive the analysis of the judicial scope of inquiry discussed in *Rockland (Primiano Const.),* 51 NY2d 1, 409 NE2d 951 (1980). The court noted that "conditions precedent" are matters for judicial determination when they involve the conditions that the parties agreed on about access to the arbitral forum. Those conditions are not the same as procedural conditions:

> "Sharply to be distinguished from conditions precedent to arbitration are procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself * * *. As would be expected, questions as to whether there has been compliance with such procedural regulations and, if not, what the consequences shall be, are for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding * * *.

> "It is recognized that both conditions precedent to access to the arbitral forum (falling within the judicial ambit) and procedural regulations or conditions in the arbitration proceedings (falling to the arbitrator) may be verbally referred to indiscriminately as 'conditions precedent' to arbitration.

in default, in the manner provided for personal service of a summons. The court or judge shall hear the parties, and if satisfied that the making of the contract or submission or the failure to comply therewith is not an issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract or submission. If the making of the contract or submission or the default is an issue, the court or the judge shall proceed summarily to the trial thereof."

[3] Respondent argues that we are bound by the trial court's factual determination. However, we conclude that the trial court did not have the authority to enter those findings.

Such loose description, however, obscures analysis and clarity. Whether the particular requirement falls within the jurisdiction of the courts or of the arbitrator depends on its substance and the function it is properly perceived as playing——whether it is in essence a prerequisite to entry into the arbitration process or a procedural prescription for the management of that process. *Under the first heading will come provisions which in point of time are intended to be preliminary to the institution of any arbitration proceeding and in a precise sense are unrelated to it, e.g.,* a requirement that before any demand for arbitration can be made the dispute between the parties be referred to the architect or to the partnership—'conditions precedent' in the literal meaning of that term. *Under the second heading will come provisions relating to the conduct of the arbitration proceeding itself, i.e., requirements or conditions in arbitration, e.g., that the demand be made within a specified time, or be served in a specified manner or on specified persons."* 51 NY2d at 8. (Citations omitted; emphasis supplied.)

The condition precedent asserted here as a defense by respondent is procedural. Both the language of the agreement and its substance make that clear. The only condition required to invoke arbitration is failure to agree on damages. The other conditions are related to the conduct of the arbitration proceeding. Determination of whether appellant's filing of the petition fulfilled the procedural condition of a written demand is an issue for the arbitrators, not for the trial court.

Reversed and remanded with instructions to enter order compelling arbitration.