■ In the Matter of the Arbitration between VILLAGE OF SARANAC LAKE, INC., Respondent, and H. SCHICKEL GENERAL CONTRACTING, INC., Appellant.—Kane, J. P., Appeal from a judgment of the Supreme Court (Viscardi, J.), entered May 31, 1988 in Essex County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner and respondent contracted to have respondent rehabilitate petitioner's Lake Flower Dam. The contract specifically provides for a designated engineer to make initial decisions regarding disputes relative to performance. The document further provides for a review of the engineer's decision by binding arbitration. Claiming that the site conditions differed from those originally bid on and changes in the contract requirements for the rehabilitation of the dam had occurred, respondent made several requests for price increases and deadline extensions. The engineer denied the claims and respondent eventually served petitioner with a demand for arbitration. Petitioner commenced this proceeding to stay arbitration on the ground that respondent was barred from commencing an arbitration proceeding by its failure to demand arbitration within 30 days of the engineer's denial of respondent's claim, as set forth in the contract. Supreme Court granted the stay, finding that the 30-day requirement was an unfulfilled contractual limitation expressly made a condition precedent to arbitration. This appeal ensued.

We now reverse, concluding in this instance that the question of whether the demand for arbitration was made within the contractual period of limitations is to be resolved by the arbitrator. The contract expressly provides that any demand for arbitration of the engineer's decision must be made within 30 days thereafter and failure to so demand within said time period would result in the engineer's decision being final and binding. The issue here is whether this provision is an express condition precedent to arbitration. Supreme Court found it to be so, based on paragraph 9.12 of the contract which provides that: "The rendering of a decision by ENGINEER * * * with respect to any such claim, dispute or other matter * * * will be a condition precedent to any exercise by OWNER or CONTRACTOR of such rights * * * under the Contract Documents".

Questions of compliance with contractual limitations, expressly made conditions precedent to arbitration by a contract, are for the courts to resolve (see, Matter of United Nations Dev. Corp. v Norkin Plumbing Co., 45 NY2d 358, 364). However, "[s]harply to be distinguished from conditions prece-

dent to arbitration are procedural stipulations that the parties may have laid down to be observed in the conduct of the arbitration proceeding itself—conditions *in* arbitration, e.g., limitations of time within which the demand for arbitration must be made" *(Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 8 [emphasis in original]). Questions of compliance with these conditions are for resolution by the arbitrator and absent an explicit indication that the condition is clearly precedent to arbitration, contractual time limitations are for the arbitrator's interpretation *(see, supra,* at 8-9). Here, the condition precedent to arbitration contained in paragraph 9.12 of the contract is the rendering of the engineer's decision. We do not read that paragraph to render the 30-day limitation on appealing that decision through arbitration an expressly made condition precedent to arbitration absent any expressed language by the parties to make it so. Consequently, whether respondent timely presented the demand for arbitration is a matter for an arbitrator to determine, not the courts *(see, Matter of City of Albany [Pomakoy],* 142 AD2d 775, *lv denied* 73 NY2d 870).

Judgment reversed, on the law, with costs, and petition dismissed. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.