Argued and submitted September 29, 1989, the decision of the Court of Appeals
reversed and judgment of the circuit court reinstated April 3, 1990

# MORESI,
*Respondent on Review,*

*v.*

# NATIONWIDE MUTUAL,
*Petitioner on Review.*

## (TC 87-189 CV; CA A48571; SC S36179)

789 P2d 667

Hugh B. Collins, Medford, argued the cause and filed the petition for petitioner on review.

George W. Kelly, Eugene, argued the cause for the respondent on review.

Before Peterson, Chief Justice, and Linde,** Carson, Jones, Gillette, Van Hoomissen and Fadeley, Justices.

VAN HOOMISSEN, J.

Peterson, C. J., concurred and filed a separate opinion in which Jones, and Gillette, JJ., join.

---

** Linde, J., retired January 31, 1990.

## VAN HOOMISSEN, J.

Magdalena Moresi's family vehicles were insured by Nationwide Mutual. The policy contained an uninsured motorist (UM) provision which provided:

"If [Nationwide] and the insured do not agree about the insured's right to recover damages or the amount of damages, the following arbitration procedure will be used: after written demand for arbitration by either party, each party will select a competent and disinterested arbitrator. The two so selected will select a third."

The policy also provided:

"Under the Uninsured Motorist Coverage any arbitration or legal action against [Nationwide] must begin within the time limit allowed for bodily injury or death actions in the state in which the accident occurred."

ORS 12.110 provides in part:

"(1) An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

On June 28, 1985, Moresi was injured in Oregon in an accident involving an uninsured motorist. She demanded $50,000 from Nationwide under the policy's UM coverage. Nationwide offered her $4,000.

On June 23, 1987, five days before the ORS 12.110(1) two year period expired, Moresi filed a "Petition to Arbitrate" in the circuit court. After a hearing on stipulated facts[1] in March 1988, the trial court concluded that because petitioner had failed to make a timely written demand for arbitration, respondent was not in breach of the agreement to arbitrate. Accordingly, the trial court dismissed Moresi's petition.

The Court of Appeals reversed and remanded the case to the circuit court with instructions to enter an order compelling arbitration, ruling that the question as to whether Moresi had made a timely written demand was an issue to be

---

[1] The parties stipulated in part:

"No demand by or on behalf of Magdalena Moresi for arbitration, written or otherwise, was made prior to or subsequent to the filing, on June 23, 1987, by which the above entitled action was commenced."

determined by the arbitrator. *Moresi v. Nationwide Mutual,* 96 Or App 61, 771 P2d 301 (1989). We reverse the decision of the Court of Appeals and reinstate the judgment of the circuit court.

Petitions to compel arbitration are governed by ORS 36.310.[2] One of the purposes of arbitration agreements is to avoid litigation. Consistent with that purpose, ORS 36.310 requires that before a party can petition a court for an order compelling arbitration thereunder, the party seeking court-ordered arbitration be "aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration." Whether there has been such a default is, by the terms of ORS 36.310, to be decided "summarily" by the court.

■ Although the statute might be interpreted as authorizing a court to compel arbitration for *any* failure, neglect, or refusal to perform under a contract, such an interpretation would be contrary to the clear intent of the statute to authorize the court to become involved in the arbitration process only where a party has refused to comply with a contract arbitration provision. We therefore interpret "failure, neglect, or refusal to perform under a contract * * * providing for arbitration" as conferring authority to compel arbitration only where a party has failed, neglected or refused to arbitrate in accordance with a contract arbitration provision.

■ ■ Thus, Nationwide's failure to agree on the amount due under the UM clause is not a "failure, neglect or refusal * * * to perform" for purposes of ORS 36.310. The insurer, by

---

[2] ORS 36.310 provides in part:

"A party aggrieved by the failure, neglect or refusal of another to perform under a contract or submission providing for arbitration, described in ORS 36.305, [*former* ORS 33.220], shall petition the circuit court, or a judge thereof, for an order directing that the arbitration proceed in the manner provided for in the contract or submission. Ten days' notice in writing of the application shall be served upon the party in default, in the manner provided for personal service of a summons. The court or judge shall hear the parties, and if satisfied that the making of the contract or submission or the failure to comply therewith is not an issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the contract or submission. If the making of the contract or submission or the default is an issue, the court or the judge shall proceed summarily to the trial thereof."

Prior to 1989 ORS 36.310 was codified as *former* ORS 33.230.

offering $4,000, no more failed, neglected or refused to perform under the policy arbitration provision than did the insured by demanding $50,000. While their disagreement provided grounds for either party to demand arbitration under the contract, it did not provide grounds for the filing of a petition for arbitration under ORS 36.310.

Nationwide did not "fail, neglect, or refuse" to perform under the arbitration provision because it had no duty to perform under that provision until and unless a party made a written demand for arbitration. Moresi made no such demand.[3] Thus, there was no "failure, neglect, or refusal" that would satisfy the statutory condition precedent to court-ordered arbitration.[4] For that reason, the trial court's dismissal of the petition was proper.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reinstated.

**PETERSON, C. J.,** concurring.

I concur without reservation in the court's opinion, but write separately to express my opinion that the plaintiff's arbitration claim may still be "alive."

The trial court properly dismissed the request for court-ordered arbitration because the insurer had not failed, neglected or refused to arbitrate. The trial court was correct in holding that the insurer was not in "default."[1]

Whether the filing of a petition for court-ordered arbitration constitutes a "written demand for arbitration," and if so, whether that demand would comply with the policy provision that the "arbitration * * * must begin within the time limit allowed for bodily injury * * * actions" is not before

---

[3] We also reject Moresi's argument that Nationwide's "failure" to demand arbitration constituted a failure, neglect or refusal to perform. Although both parties were entitled to demand arbitration on the amount of Moresi's damages, neither party was obligated to make such demand.

[4] The trial court also held that because no written demand for arbitration had been made within the ORS 12.110 2-year limitation period, Moresi was precluded from filing a subsequent petition to compel arbitration. The court did not, however, directly address whether the petition itself was a timely written demand for arbitration.

[1] ORS 36.310 provides in part:

"If the making of the contract or submission or the default is an issue, the court or the judge shall proceed summarily to the trial thereof."

us. I am inclined to the view that the filing of the petition met the policy requirement of a "written demand for arbitration" and that this would "begin" the proceedings.

Were I the plaintiff's attorney, I would renew the demand for arbitration and request that the arbitration proceed under the policy provision quoted in the first paragraph of the court's opinion.

Jones and Gillette, JJ., join in this concurring opinion.