# GREENWOOD INTERNATIONAL, INC.,
*Respondent,*

*v.*

# GREENWOOD FOREST PRODUCTS, INC.,
*Appellant.*

(A8911-06519; CA A63605)

814 P2d 528

Brien F. Hildebrand, Beaverton, argued the cause for appellant. With him on the brief were Larry D. Moomaw and Moomaw, Miller & Reel, Beaverton.

Joseph D. Cohen, Portland, argued the cause for respondent. With him on the brief was Stoel Rives Boley Jones & Grey, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Greenwood Forest Products, Inc. (Forest), appeals from the judgment for Greenwood International, Inc. (International), entered on an arbitrator's award pursuant to ORS 36.300 *et seq.*[1] The parties entered into a stock purchase agreement on April 8, 1986, which contained these pertinent arbitration provisions:

> "4.  *Arbitration.*  All claims, disputes and other matters in question arising out of or relating to this agreement or any default hereunder, including but not limited to an asserted material error in any premise stated in Paragraph 3, shall be decided by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ('AAA') then in effect, subject to the following:
>
> "* * * * *
>
> "4.2  Upon demand of any party, all parties shall attempt to agree upon a submission to a single arbitrator acceptable to all parties. If the parties are unable so to agree within 10 days after any party's demand therefor, any party may initiate arbitration in accordance with the AAA rules.
>
> "* * * * *
>
> "4.4  In the event of any dispute relating to International's income taxes, Forest shall be entitled to receive its 51 percent share of the benefit of an erroneous over-accrual of tax liability in the Financial Statements just as it would be required to share the burden of an erroneous under-accrual of such tax liability. In either case, the claim therefor shall be allowed only if it is made and submitted to arbitration in accordance with this agreement within three years after the closing.
>
> "* * * * *
>
> "4.6  Except as otherwise provided in ORS 33.210, *et seq.*, or 9 USC § 1, *et seq.*, this agreement to arbitrate shall be specifically enforceable, the award rendered by the arbitrator shall be final, and judgment may be entered upon the award in accordance with applicable law."

By letters of August 30 and December 14, 1988, International informed Forest that it was making a claim subject to section 4.4 of the agreement and proposed an

---

[1] We refer to the statutes as they are now codified. They were numbered ORS 33.210 *et seq* at some of the relevant times.

arbitrator. The parties did not agree on an arbitrator and, on July 24, 1989, International filed a demand for arbitration with AAA. Forest contended that International did not institute the arbitration proceeding until it made the July 24, 1989, demand, which was more than three years after closing and untimely under section 4.4. International contended that the earlier letters, sent within the three-year period, "made and submitted" the claim to arbitration within the meaning of the section.

The arbitrator concluded that the claim was arbitrable under the agreement and made a monetary award in favor of International, which moved for entry of judgment on the award pursuant to ORS 36.350. Forest filed exceptions, contending that the arbitration proceedings were untimely and that the arbitrator therefore exceeded his powers. ORS 36.355(1)(d). The court rejected the exceptions and entered judgment. Forest appeals, contending that the court should have held that the claim was not arbitrable, because the proceedings were not timely under section 4.4. The issue is whether the circuit court or we may decide that question or, conversely, whether the merits of the arbitrator's resolution of the question are beyond the scope of judicial review under ORS 36.300 *et seq.*

The general rule of limited judicial review of arbitrators' decisions was explained in *Brewer v. Allstate Insurance Co.,* 248 Or 558, 561-62, 436 P2d 547 (1968):

> "The arbitrator acts within the bounds of his authority not only when he decides a question of law correctly according to judicial standards, but also when he applies the law in a manner which a court would regard as erroneous. As we said in *Mahaffy v. Gray,* 242 Or 522, 525, 410 P2d 822, 823 (1966), 'Neither a mistake of fact or law vitiates an award.'
>
> "* * * [E]rrors of this kind are a part of the cost of employing the arbitration method of decision-making. The principal purpose of arbitration is to avoid litigation. If the arbitrator's award is subject to extensive judicial control, this purpose is largely frustrated. Although there is some disagreement among the courts and legal scholars on the question of the extent to which arbitration awards should be subjected to judicial control, we favor the view that confines judicial review to the strictest possible limits." (Footnotes omitted.)

Forest relies on *Union County Sch. Dist. No. 1 v. Valley Inland,* 59 Or App 602, 652 P2d 349 (1982); *Moresi v. Nationwide Mutual,* 96 Or App 61, 771 P2d 301 (1989), *rev'd on unrelated grounds* 309 Or 619, 789 P2d 667 (1990); and *Halvorson-Mason Corp. v. Emerick Const. Co.,* 304 Or 407, 745 P2d 1221 (1987), for the proposition that a court may review the merits of the arbitrability decision. Correctly read, those cases support the opposite answer. In *Union County,* the parties' contract required that a demand for arbitration be filed within a reasonable time after the claim arose and in no event after the applicable Statute of Limitations had run. We held that the "reasonable time" question was for the arbitrators to resolve, but that the court could independently consider the Statute of Limitations issue.

Forest considers the timeliness question here to be analogous to the limitations issue in *Union County.* It is not. The limitations issue there involved the application of a statute; the resolution of the timeliness issue here requires an interpretation and application of the parties' contract. Whether the correspondence that was sent within the three-year period or the later correspondence was the initiating event depends on the meaning of "made and submitted" in section 4.4 and of other language in the contract. The meaning of a contractual arbitration provision, including arbitrability questions that arise under it, are issues for the arbitrator to decide, free of *de novo* judicial inquiry. *See Beaverton Ed. Assn v. Wash. Co. Sch. Dist. No. 48,* 76 Or App 129, 708 P2d 633 (1985), *rev den* 300 Or 545 (1986).

We said in *Moresi v. Nationwide Mutual, supra*:

"ORS 33.230 does not make it clear what defenses the trial court may consider. *Union County Sch. Dist. No. 1 v. Valley Inland, supra,* 59 Or App at 606. We find persuasive the analysis of the judicial scope of inquiry discussed in *Rockland (Primiano Const[r].),* 51 NY2d 1, [431 NYS2d 478,] 409 NE2d 951 (1980). The court noted that "conditions precedent' are matters for judicial determination when they involve the conditions that the parties agreed on about access to the arbitral forum. Those conditions are not the same as procedural conditions:

" 'Sharply to be distinguished from conditions precedent to arbitration are procedural stipulations that the parties may have laid down to be observed in the conduct

of the arbitration proceeding itself * * *. As would be expected, questions as to whether there has been compliance with such procedural regulations and, if not, what the consequences shall be, are for resolution by the arbitrator as incidental to the conduct of the arbitration proceeding * * *.

" 'It is recognized that both conditions precedent to access to the arbitral forum (falling within the judicial ambit) and procedural regulations or conditions in the arbitration proceedings (falling to the arbitrator) may be verbally referred to indiscriminately as "conditions precedent" to arbitration. Such loose description, however, obscures analysis and clarity. Whether the particular requirement falls within the jurisdiction of the courts or of the arbitrator[s] depends on its substance and the function it is properly perceived as playing—whether it is in essence a prerequisite to entry into the arbitration process or a procedural prescription for the management of that process. *Under the first heading will come provisions which in point of time are intended to be preliminary to the institution of any arbitration proceeding and in a precise sense are unrelated to it, e.g.,* a requirement that before any demand for arbitration can be made the dispute between the parties be referred to the architect or to the partnership—"conditions precedent" in the literal meaning of that term. *Under the second heading will come provisions relating to the conduct of the arbitration proceeding itself, i.e., requirements or conditions in arbitration, e.g., that the demand be made within a specified time, or be served in a specified manner or on specified persons.*' 51 NY2d at 8. (Citations [and footnote] omitted; emphasis supplied.)" 96 Or App at 64.

Although Forest attempts to bring this situation within the "first heading," the emphasized language in *Moresi* expressly places issues of the kind here under the second; the timeliness issue involves a "procedural condition" that is for the arbitrator, not the court, to resolve.

Forest explains its reliance on *Halvorson-Mason Corp. v. Emerick Const. Co., supra:*

"In discussing ORS Chapter 33, however, the Supreme Court noted that where parties dispute whether an agreement was made *or complied with,* either party may demand a jury trial on those issues. 304 Or at 411.

"*Halvorson* stands for the proposition that a factual dispute as to whether a party has complied with the requirements of an arbitration agreement is inherently a determination for the court, which can be raised pursuant to ORS 36.310 (formerly 33.230) and presumably also by way of the exception procedure of ORS 36.355 (formerly 33.320)." (Emphasis Forest's.)

We are unable to agree that the court intended, by the three words that Forest emphasizes in its argument, to overrule *sub silentio Brewer v. Allstate Insurance Co., supra,* and its other related earlier cases, or to convert into judicial questions the very issues of contractual compliance that the parties agreed to have decided by arbitration.

The parties also cite *Russell v. World Famous, Inc.,* 94 Or App 748, 767 P2d 456 (1989), where we held that the trial court should not have entered judgment on an arbitration award that decided issues other than "the amount of damages," which was the only issue that the parties' contract made arbitrable. There is no comparable limitation on the scope of arbitration in this case. The agreement makes arbitrable "all claims, disputes and other matters in question arising out of or relating to" it. Whether the claim here was timely under section 4.4 is a matter arising out of or relating to the agreement, and the parties contracted to have such matters decided by arbitration rather than in the courts.

The court said in *Brewer v. Allstate Insurance Co., supra,* 248 Or at 563, that judicial intervention is appropriate only when an arbitrator's decision is "so grossly erroneous as to strike at the heart of the decision-making process." The decision that the present dispute is arbitrable is nowhere close to that. Reading sections 4.2 and 4.4 of the contract together, a decision-maker could quite logically conclude that either the 1988 or the 1989 letters "made and submitted" the claim to arbitration. The decision was the arbitrator's to make.

Affirmed.