**THE BEYT, RISH, ROBBINS GROUP, ARCHITECTS, Appellant,**

v.

**APPALACHIAN REGIONAL HEALTHCARE, INC., Appellee.**

**APPALACHIAN REGIONAL HEALTHCARE, INC., Cross-Appellant,**

v.

**THE BEYT, RISH, ROBBINS GROUP, ARCHITECTS, Cross-Appellee.**

Nos. 90-CA-2633-MR, 90-CA-2731-MR.

Court of Appeals of Kentucky.

April 23, 1993.

Reconsideration Denied June 14, 1993.

Buckner Hinkle, Jr., Gregory P. Parsons, Cheryl U. Lewis, Anne E. Gorham, Stites & Harbison, Lexington, for appellant/cross-appellee.

David T. Enlow, Lynn R. Schrader, Murphy & Enlow, Lexington, for appellee/cross-appellant.

Before DYCHE, MILLER,[1] and SCHRODER, JJ.

DYCHE, Judge.

At issue in this appeal is whether the timeliness of a demand for arbitration is for the courts or the arbitrators to decide; on cross-appeal, the question is whether it was error for the trial court to refuse to consolidate arbitration proceedings between the owner, architect and construction manager involved in the erection of a hospital building. Finding that the trial court was correct in its ruling on the first issue, we affirm; we dismiss the cross-appeal.

---

1. Judge Miller was substituted following Judge Hayes's retirement on February 1, 1993; a video tape of the oral argument has been made available to Judge Miller.

This dispute arose following the completion of Appalachian Regional Healthcare's ["ARH"] new facility in Hazard. The Beyt Rish Robbins Group Architects ["Beyt Rish"] were retained by ARH to assist in the construction of the building; McCarthy Brothers Company was construction manager for the project.

Certain defects in the building became apparent as its completion neared. ARH, Beyt Rish and McCarthy Brothers conducted a thorough investigation and had numerous discussions in an attempt to ascertain the cause of the problems, to remedy same, and to determine who would ultimately bear the cost of repairs. These negotiations reached an impasse, and on March 29, 1990, ARH demanded arbitration pursuant to Article 8 of its contract with Beyt Rish, and Article 13 of its agreement with McCarthy Brothers. Article 8 of the ARH/Beyt Rish contract reads as follows:

8.1 All claims, disputes and other matters in question between the parties to this Agreement arising out of or relating to this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration arising out of or relating to this Agreement shall include, by consolidation, joinder or in any other manner, any additional person not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by the Architect, the Owner and any other person sought to be joined. Any consent to arbitration involving an additional person or persons shall not constitute consent to arbitration of any dispute not described therein or with any person not named or described therein. This agreement to arbitrate and any agreement to arbitrate with an additional person or persons duly consented to by the parties to this Agreement shall be specifically enforceable under the prevailing arbitration law.

8.2 Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. The demand shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

8.3 The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

On April 24, 1990, ARH initiated this action in the Fayette Circuit Court seeking an order enjoining Beyt Rish and McCarthy Brothers to "(a) participate in a joint or consolidated arbitration, or (b) participate separately in an arbitration utilizing the same arbitration panel."

The initial difficulty in deciding this case comes from the procedural posture with which we are presented. Beyt Rish did not file a counterclaim asking for a stay of the arbitration on the ground that the demand for arbitration was untimely or due to a waiver by ARH; instead, Beyt Rish defended the consolidation action with, among other things, an affirmative defense of limitations.

The issue of whether the demand for arbitration was time-barred was not placed squarely before the court until Beyt Rish moved the court to amend its original judgment, which denied consolidation and dismissed the action. At that time, both Beyt Rish and ARH filed memoranda on the issue, and the court conducted a hearing on the motion to declare the demand untimely and to stay the arbitration. It is from the denial of this motion that Beyt Rish now appeals; ARH cross-appeals from the denial of consolidation.

The direct appeal presents an issue of first impression in the Commonwealth: Is the timeliness of a demand for arbitration an issue for the arbitration panel to decide, or should our courts intervene in an

arbitration proceeding and decide this issue?

Although Kentucky courts have not heretofore been confronted with this question, state and federal courts in other jurisdictions have published many decisions on the issue. ARH argues that we should adopt the majority rule: Procedural matters, such as the present issue, are to be decided by the arbitrators. Beyt Rish urges adoption of the minority rule: Such decisions are the province of the courts.

We will not engage in a survey of cases from other jurisdictions; suffice it to say that we have examined several, and find that the majority rule is more appropriate. *City of Lenexa v. C.L. Fairley Construction Company, Inc.*, 15 Kan.App.2d 207, 805 P.2d 507 (1991); *Executive Life Insurance Company v. John Hammer & Associates, Inc.*, 569 So.2d 855 (Fla.App. 2 Dist., (1990); *Nielsen v. Butterworth Hospital*, 182 Mich.App. 507, 452 N.W.2d 848 (1990), *rev'd sub nom Neilsen v. Barnett*, 440 Mich. 1, 485 N.W.2d 666 (1992); *USX Corporation v. West*, 781 S.W.2d 453 (Tex. App.1989); *Matter of Village of Saranac Lake, Inc. (H. Schickel General Contracting, Inc.)*, 154 A.D.2d 855, 546 N.Y.S.2d 713 (1989); *Emcon Corporation v. Pegnataro*, 212 Conn. 587, 562 A.2d 521 (1989); *Matter of McGreevy (Civil Services Employees Association, Inc. on Behalf of Moore)*, 150 A.D.2d 891, 540 N.Y.S.2d 914 (1989); *Moresi v. Nationwide Mutual*, 96 Or.App. 61, 771 P.2d 301 (1989), *rev'd*, 309 Or. 619, 789 P.2d 667 (1990); and *Bennett v. Shearson Lehman–American Express, Inc.*, 168 Mich.App. 80, 423 N.W.2d 911 (1987).

Our decision is based on two factors. Expansive language such as that used in Article 8 of the contract herein has generally been viewed by the courts as indicating an intent of the parties to leave as much as possible to the arbitrators.

> In apportioning, between the court and the arbitrators, the responsibility for determining which disputes are arbitrable, the language of the contract controls and determines whether the arbitrability of a dispute is for the court or the arbitra-

tors. *A. Sangivanni & Sons v. F.M. Floryan & Company*, 158 Conn. 467, 262 A.2d 159 (1969).

*Gary Excavating, Inc. v. North Haven*, 164 Conn. 119, 122, 318 A.2d 84, 86 (1972). This broad and all encompassing language evinces the parties' intent to have their disputes resolved, not by the courts but by an arbitration panel. In *Gary Excavating, Inc. v. North Haven, supra*, 164 Conn. at 125, 318 A.2d 84, we construed similarly broad language and concluded that "the appropriate body to hear claims regarding procedural prerequisites to arbitration must be the arbitration panel." In that case the arbitration clause at issue provided that "all claims and disputes arising under the contract or its interpretation shall be presented to the [defendant sewer commission] for decision ... if the contractor does not agree with any decision of the defendant sewer commission ... it may then demand arbitration." (Emphasis in original.) *Id.*, at 123, 318 A.2d 84. We see no reason to distinguish this present case from our earlier holding.

*Emcon Corporation v. Pegnataro*, 212 Conn. 587, 592–93, 562 A.2d 521, 524 (1989).

The second factor supporting our decision is an examination of the Uniform Arbitration Act, KRS 417.045–.240. The Act is a straightforward expression of public policy in favor of enforcement of arbitration agreements, "save upon such grounds as exist at law for the revocation of any contract." KRS 417.050.

The Act further provides only one ground for a court to stay an arbitration proceeding: "on a showing that there is no agreement to arbitrate." KRS 417.060(2). And, while we are aware that the Maryland Courts have strained to find that delay in demanding arbitration can result in the right to arbitrate under an agreement being "treated as though it never existed," *Stauffer Construction Company, Inc. v. Board of Education of Montgomery County*, 54 Md.App. 658, 668, 460 A.2d 609, 614 (1983), no such contention has been made herein by Beyt Rish. There is no contention of the lack of an agreement.

The trial court correctly declined to rule on the limitations question.

The United States Supreme Court has held that the decision on such procedural issues lies not with the courts, but with the arbitrators.

> Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it.
>
> . . . .
>
> It would be a curious rule which required that intertwined issues of "substance" and "procedure" growing out of a single dispute and raising the same questions on the same facts had to be carved up between two different forums, one deciding after the other. Neither logic nor considerations of policy compel such a result.
>
> Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.

*John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 556–57, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964).

On cross-appeal, ARH argues that the trial court erred in denying separate arbitration proceedings (*ARH v. Beyt Rish; ARH v. McCarthy Brothers*) with one panel of arbitrators. We are unable to reach this issue, however, as McCarthy Brothers is not a party to these appeals; complete relief for ARH would be impossible upon remand in the absence of McCarthy Brothers. The absence of such an indispensable party requires dismissal of the cross-appeal. *City of Devondale v. Stallings*, Ky., 795 S.W.2d 954 (1990).

The judgment of the trial court is affirmed in No. 90–CA–2633; the cross-appeal, No. 90–CA–2731, is DISMISSED.

All concur.