■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v FARM FAMILY MUTUAL INSURANCE COMPANY, Appellant, and PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent. [647 NYS2d 555] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Farm Family Mutual Insurance Company appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered August 14, 1995, which granted the petition.

Ordered that the judgment is reversed, on the law, with one bill of costs, the petition is dismissed, and the parties are directed to proceed to arbitration.

The plaintiff in the underlying negligence action, Lisa Wagner, was a college student who sustained injuries as a result of a prank pulled by some of her classmates. She sued three classmates to recover damages. Each classmate was covered by a policy of insurance provided by one of the parties to this appeal, Farm Family Mutual Insurance Company (hereinafter Farm Family), New York Central Mutual Fire Insurance Company (hereinafter New York Central), and Prudential Property and Casualty Insurance Company (hereinafter Prudential). The three insurers were all signatories to a special arbitration agreement which provided, among other things, that any signatory insurer could settle a claim without the consent of the other signatory insurers. The apportionment of the liability of each respective insurer would thereafter be subject to a special arbitration.

Farm Family reached an agreement with Ms. Wagner as to liability which provided that the amount of her recovery would be determined by a so-called high/low arbitration procedure with a maximum award of $60,000. This arbitration ultimately resulted in an award of $60,000 and Farm Family secured a general release from Ms. Wagner in favor of all of the defendants in the underlying action. Neither New York Central nor Prudential objected to the special arbitration when notified prior thereto.

Thereafter, Farm Family demanded arbitration from New York Central and Prudential to apportion their respective liabilities pursuant to the terms of the special arbitration agreement. In the instant proceeding New York Central moved to stay that arbitration, and Prudential moved for the same relief in a related proceeding, claiming that Farm Family had not reached a settlement with Ms. Wagner; that the agreement to employ the initial high/low arbitration proceeding did not satisfy the condition precedent within the special arbitration

agreement that the underlying claim be *settled*. The Supreme Court awarded judgments granting permanent stays of arbitration to New York Central in this proceeding and to Prudential in the related proceeding and we now reverse both judgments (*see, Matter of Prudential Prop. & Cas. Ins. Co. v Farm Family Mut. Ins. Co.,* 231 AD2d 724 [decided herewith]).

Arbitration agreements are to be construed so as to give effect to the intentions of the parties thereto (*see, Matter of Cowen & Co. v Anderson,* 76 NY2d 318). It is for the court to determine whether the parties have agreed to submit a particular controversy to arbitration (*see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1). In this case, the high/low arbitration proceeding entered into between Farm Family and Ms. Wagner was the functional equivalent of a settlement as defined by the agreement between the insurers, which accordingly triggered the provision of the special arbitration agreement to arbitrate the apportionment of liability. Indeed, it appears that under the terms of the agreement, Farm Family could have settled Ms. Wagner's claim directly for $60,000 and could have thereafter arbitrated the apportionment of liability among the insurers. New York Central and Prudential advance no cogent arguments why a different result should follow based upon the mere fact that the amount of the settlement between Farm Family and Ms. Wagner was set by an arbitrator. There was still a settlement. The intention of the insurers was to provide for arbitration of the apportionment of liability from such settlements, and in the absence of any logical reasons why the involvement of an arbitrator in achieving that settlement warrants a different result, the parties' intentions should be effectuated. Miller, J. P., Pizzuto, Joy and McGinity, JJ., concur.