■ In the Matter of MARTIN ZELMAN, Respondent, v STANLEY A. SCHENCK, Appellant. [717 NYS2d 659] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for brokerage commissions pursuant to the terms of a lease, Stanley A. Schenck appeals from (1) an order of the Supreme Court, Nassau County (Winslow, J.), dated September 16, 1999, which granted the petition for a permanent stay of arbitration, and (2) a judgment of the same court entered November 15, 1999, which, upon the order, permanently stayed arbitration.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the proceeding is dismissed, and the parties are directed to proceed to arbitration; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The broad arbitration clause of the parties' brokerage agreement provided that "[i]n the event any controversy arises out of this commission agreement, then such controversy shall be submitted to the American Arbitration Association." There were no express preconditions to arbitration (*see, Matter of County of Rockland [Primcano Constr. Co.],* 51 NY2d 1). The question of whether the appellant satisfied conditions to recovery should be submitted to arbitration. O'Brien, J. P., Ritter, Santucci and Schmidt, JJ., concur.